1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

7

| BREE HEPWORTH, individually and on behalf of all others similarly situated, | No. |
|---|---|
| Plaintiff, | PLAINTIFF'S CLASS ACTION COMPLAINT |
| v. | |
| WYZE LABS, INC., | JURY DEMAND |
| Defendant. | |

Plaintiff Bree Hepworth ("Plaintiff Hepworth" or "Ms. Hepworth"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, brings this action against Wyze Labs, Inc. ("Defendant" or "Wyze"). For her Complaint, Plaintiff alleges the following based upon personal knowledge as to her own acts and experiences and upon the investigation conducted by counsel as to all other allegations:

**SUMMARY OF THE ACTION**

1.     Plaintiff, on behalf of herself and all putative members of the "Class" (defined below), brings a claim under the Idaho Consumer Protection Act (the "ICPA"), specifically ICPA §§ 48-601, *et seq*., and the Washington Consumer Protection Act (the "WCPA"), specifically WCPA §§ 19.86.010 *et seq*., against Wyze as a class action.

CLASS ACTION COMPLAINT - 1

1   Plaintiff also brings claims for breach of implied warranty, breach of express warranty,

2   fraud, unjust enrichment, and declaratory and injunctive relief.

3       2.      This action arises from the deceptive trade practices of Defendant in its

4   manufacture and sale of its Wyze Cam V1, Wyze Cam V2, and Wyze Cam V3

5   (collectively, the "Wyze Cam" or the "Product"). Specifically, for at least three (3) years,

6   Wyze knew of and concealed a Wyze Cam security vulnerability that allowed

7   unauthenticated, remote access to videos and images stored on local memory cards (the

8   "Defect").[1]

9       3.      The Defect gave hackers access to all data on the memory cards, including

10  the AES encryption key, potentially giving attackers live access to the camera feed.[2]

11      4.      Wyze's concealment of the Defect was purposely deceptive, as Wyze

12  knowingly omitted information regarding the Defect in its marketing and advertising

13  materials to consumers. Plaintiff and the "Class" (defined below) have suffered as a result

14  of this deviant and non-compliant behavior because Wyze knowingly omitted relevant

15  information regarding the Product's Defect in an attempt to deceive and entice sales to

16  these consumers who seek to purchase safe security camera products.

17      5.      This is not the first time Wyze has suffered a major security breach to its

18  products and/or systems, and it likely will not be the last. In 2019, Wyze suffered a

19  massive security breach after it failed to secure its customer databases stored on the

20  _____

21  [1] Wyze Cam flaw lets hackers remotely access your saved videos (bleepingcomputer.com) (last accessed May 11, 2022).
    [2] Wyze Cam security flaw gave hackers access to video for 3 yrs - 9to5Mac (last accessed May 11, 2022).

22

23

CLASS ACTION COMPLAINT - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    internet, impacting 2.4 million users. TwelveSecurity, which detected the 2019 breach,

2    said it had "never before seen such a serious breach."[3]

3                                         **PARTIES**

4           6.     Plaintiff Hepworth is a citizen and resident of Rexburg, Idaho. Plaintiff

5    purchased the Wyze Product from Amazon.com in early September of 2020 after viewing

6    pictures of its label and reading Defendant's advertisements and marketing materials

7    regarding the Product. The label, advertisements and marketing materials omitted any

8    mention of the Defect, thus implying that no security flaw was present in the Product's

9    firmware.

10          7.     At no point, either during Plaintiff Hepworth's research on the Product or at

11   the point of sale, did Defendant disclose that the Product actually suffered from the

12   Defect.

13          8.     Defendant is a corporation with its principal offices in the State of

14   Washington. Wyze makes and distributes security cameras throughout the United States

15   and, specifically, to consumers in the state of Idaho.

16          9.     Defendant's Product is sold on its own and other third-parties' websites, and

17   also through various physical retailers, including Walmart, BestBuy, and Home Depot.

18   The Product is purchased by consumers for personal use and consumption in the state

19   of Idaho and throughout the United States.

20                              **JURISDICTION AND VENUE**

21          10.    This action is properly before this Court, and this Court has subject matter

22   _____

23   [3] Wyze camera security breach: personal data from 2.4M users - 9to5Mac (last accessed May 11, 2022).

CLASS ACTION COMPLAINT - 3                    **BRESKIN** | **JOHNSON** | **TOWNSEND** PLLC
                                                  1000 Second Avenue, Suite 3670
                                              Seattle, Washington 98104  Tel: 206-652-8660

1    jurisdiction over this action under the Class Action Fairness Act. Specifically, at least one

2    member of the proposed class is a citizen of a different state from Wyze, the number of

3    proposed Class members exceeds 100, and the aggregate amount in controversy

4    exceeds the sum or value of $5,000,000.00, exclusive of interests and costs. *See* 28

5    U.S.C. § 1332(d)(2)(A).

6    　　　　11.　　This Court has jurisdiction over the Defendant because Defendant is

7    headquartered within the state of Washington to establish Defendant's presence in the

8    state of Washington, and certain material acts upon which this suit is based occurred

9    within the state of Washington. Wyze does substantial business within this District, and

10   otherwise maintains requisite minimum contacts with the state of Washington.

11   　　　　12.　　Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because

12   Defendant is subject to personal jurisdiction within the state of Washington and a

13   substantial part of the events or omissions giving rise to the claims asserted herein

14   occurred in this District, including that Defendant distributes the Product in this District,

15   receives substantial compensation and profits from the sale of the Product in this District,

16   and has and continues to conceal and make misrepresentations and material omissions

17   from this District.

18   **FACTUAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS**

19   ***THE DEFECT***

20   　　　　13.　　In March of 2019, the cybersecurity website Bitdefender reported several

21   vulnerabilities in Wyze camera firmware that enabled outside hackers to access the

22   Product's camera feeds or execute malicious code that would otherwise compromise the

23   Product's security and, as a result, the consumers' safety. Worse still, the flaw remained

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  unfixed for almost three years.[4]

2      14.    The bug can be exploited when a user inserts an SD Card into a Wyze Cam

3  IoT device. When an SD card is inserted, an internet vulnerability allows remote users to

4  access the contents of the SD card in the camera via a webserver without requiring

5  authentication.

6      15.    The SD card also stores all the log files of the device, which contain the

7  camera's UID (unique identification number) and the ENR (AES encryption key). Their

8  disclosure allows unobstructed remote connections to the cameras.

9      16.    During the time period that Wyze's internet cameras were left vulnerable to

10  attacks by unauthorized actors, Wyze camera users reported that their respective

11  devices were being exploited by attackers. Below is a true and correct screenshot

12  explaining one customer's experience when unauthorized actors took control of a camera

13  inside their house:

14

15

16

17

18

19

20

21

22  ───────────────────
[4] https://www.bitdefender.com/blog/labs/vulnerabilities-identified-in-wyze-cam-iot-device/. (last accessed May 12, 2022).

23

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

17.    The vulnerability was discovered and reported to Wyze by Bitdefender in March of 2019, along with two other vulnerabilities—an authentication bypass and a remote-control execution flaw.[5]

18.    The SD card issue, which allows unauthorized actors to take control of the cameras remotely, was not fixed until January 29, 2022, when Wyze issued a firmware update.[6]

19.    On top of being woefully late, the security patch only repaired vulnerable devices Products after users opted to download the new software, meaning that some devices may still be running vulnerable firmware. This is especially true given the nature of a "plug-and-forget" internet connected camera, which users leave on continuously to monitor their property, without taking the device down for security updates.

20.    Worse still, the security updates have been made available only for Wyze Cam v2 and v3, released in February 2018 and October 2020, respectively, and not for Wyze Cam v1. The Wyze Cam v1 will remain vulnerable to the security flaw forever.[7]

### *THE SALE OF THE PRODUCT AS A DECEPTIVE TRADE PRACTICE*

21.    Each of the preceding paragraphs is incorporated by reference herein.

22.    Advertisements, packages, and labels should provide consumers with accurate information as to the nature and quality of a product's contents and should

---

[5] Wyze Cam flaw lets hackers remotely access your saved videos (bleepingcomputer.com) (last accessed May 11, 2022).
[6] *Id.*
[7] *Id.*

CLASS ACTION COMPLAINT - 6

assist them in making informed decisions. When a company misrepresents or conceals material information about a product, it is deceptive and misleading to reasonable consumers.

23.     On its own website and other websites where the Product is sold, including Amazon.com, Home Depot, and BestBuy, Wyze entirely omitted that the Product contained any Defect at all. This packaging omission, coupled with the explicit marketing omitting any mention of the Defect, was a deliberate, material message to consumers that there was no Defect.

24.     Wyze's sale of the Product deceived consumers, including Plaintiff and Class members, because the packaging and advertising was materially misleading in that it included no information regarding the Defect from which the Product suffered (and of which Defect Wyze was aware at the time of its sale to Plaintiff and the Class).

25.     Wyze's sale of the Product was deceptive to reasonable consumers, including Plaintiff Hepworth and the Class, who were in the market for security camera products with no security flaws, because there was no practical way for them to know prior to purchase that the Product suffered from the very serious Defect that is the subject of this litigation, despite Wyze marketing and selling the Product as a security camera free of any security flaws.[8]

## CLASS ACTION ALLEGATIONS

26.     Under Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (c)(4), Plaintiff intends to seek certification of a Nationwide Class consisting of:

---

[8] *How does Wyze protect my videos?*, https://www.wyze.com/pages/security-trust.

CLASS ACTION COMPLAINT - 7

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**All persons who purchased the Product in the United States after March 2019.**

27.     Plaintiff also intends to seek certification of an Idaho Subclass consisting of:

**All Idaho residents who purchased the Product after March 2019.**

28.     Plaintiff reserves the right to re-define the Class and Subclass at the conclusion of discovery as to class certification.

29.     Collectively, unless otherwise so stated, the above-defined Nationwide Class and Idaho Subclass are referred to collectively herein as the "Class."

30.     Excluded from the Class are Defendant; any affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director, or employee of Defendant; any successor or assign of Defendant; anyone employed by counsel for Plaintiff in this action; any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them and the spouses of such persons.

### *NUMEROSITY*

31.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown and such information is in the exclusive control of Defendant, Plaintiff believes that the Class encompasses thousands of individuals who are geographically dispersed throughout the nation; therefore, the number of persons who are members of the Class are so numerous that joinder of all members in one action is impracticable.

### *COMMON QUESTIONS OF LAW AND FACT PREDOMINATE*

CLASS ACTION COMPLAINT - 8

32.     There is a well-defined community of interest in the questions of law and fact affecting the Class members.

33.     There are questions of law and fact common to all members of each Class: specifically, Plaintiff's claims arise from the same event or practice or course of conduct by the Defendant giving rise to those claims of the putative Class, and Plaintiff's claims are based upon the same legal theories as those of the putative Class. The Defendant has engaged in a pattern and practice, in violation of the law, of omitting important and material information relating to the effect. The resolution of this issue—to wit, whether Defendant knowingly sold the Product without informing Plaintiff and Class members of the Defect—is a common question of fact and law that will affect all members of the Class in the same manner.

34.     Other questions of law and fact common to the Class that predominate over questions that may affect individual members include:

  a.  The nature, scope, and operation of Defendant's wrongful practices;

  b.  The uniformity of the advertisements created through Defendant's marketing materials;

  c.  Whether Wyze misrepresented and omitted the existence of and/or nature of the Defect;

  d.  Whether Defendant engaged in fraudulent practices as to the Class members;

  e.  Whether Wyze violated state consumer protection laws by concealing the Defect;

  f.  Whether Defendant's conduct amounts to violations of the ICPA;

  g.  Whether Wyze deliberately misrepresented and omitted material facts to Plaintiff and the Class members relating to

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    the Product and/or the Defect;

2    h.  Whether members of the Class may be notified and warned
        about the Defect of the Product and have the entry of final
3       and injunctive relief compelling Wyze to stop its
        misrepresentations and/or omissions and improve its
4       Product security; and

5    i.  Whether Plaintiff and the Class suffered damages because
        of Defendant's misconduct and, if so, the proper measure of
6       damages.

7                                  *TYPICALITY*

8        35.    Plaintiff's claims are representative of the Class members she seeks to

9    represent and typical of the claims of the Class because the Plaintiff and the Class

10   members all purchased the Product. Plaintiff, like all Class members, purchased the

11   Product after Defendant knew of the Defect but before Defendant disclosed the Defect

12   to the public.

13                      *ADEQUACY OF REPRESENTATION*

14       36.    Plaintiff Hepworth will fairly and adequately assert and protect the

15   interests of the proposed Class because:

16   a.  She has hired attorneys who are experienced in prosecuting
         class action claims and will adequately represent the
17       interests of the Class;

18   b.  She has no conflict of interest that will interfere with the
         maintenance of this class action; and

19   c.  She has suffered consumer-related injuries and damages.

20                                 *SUPERIORITY*

21       37.    A class action provides a fair and efficient method for the adjudication of

22   the instant controversy for the following reasons:

23

CLASS ACTION COMPLAINT - 10                    **BRESKIN | JOHNSON | TOWNSEND** PLLC
                                                1000 Second Avenue, Suite 3670
                                                Seattle, Washington 98104  Tel: 206-652-8660

a. The common questions of law and fact set forth above predominate over questions affecting only individual Class members;

b. The proposed Class is so numerous that joinder would prove impracticable. The proposed Class, however, is not so numerous as to create manageability problems; moreover, no unusual legal or factual issues render the Class unmanageable;

c. Prosecution of separate actions by individual members of the Class would risk inconsistent and varying adjudications against Defendant;

d. The claims of the individual Class members are small in relation to the expenses of litigation, making a class action the only procedure in which Class members can, as a practical matter, recover for the damages done to them by Wyze; and

e. A class action would be superior to, and more efficient than, adjudicating thousands of individual lawsuits.

38. In the alternative, the proposed Class may be certified because:

a. the prosecution of separate actions by the individual members of the proposed Class would create a risk of inconsistent or varying adjudication regarding individual Class members, which would establish incompatible standards of conduct for Wyze;

b. the prosecution of separate actions by individual Class members would create a risk of adjudications dispositive of the interests of other Class members not parties to the adjudications and substantially impair or impede their ability to protect their interests; and

c. Wyze has acted or refused to act on grounds generally applicable to the proposed Class, which justifies final and injunctive relief for the members of the proposed Class as a whole.

## ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

39. Defendant possessed exclusive knowledge about the Defect, including from

CLASS ACTION COMPLAINT - 11

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   its internal emails, reports, analyses, and assessment of engineers, as well as from the

2   report issued to it by Bitdefender in March 2019, all of which were unavailable to Plaintiff

3   and the proposed Class members.

4       40.   Throughout the time period relevant to this action, Defendant concealed the

5   Defect from consumers, including from Plaintiff and Class members. As a result, neither

6   Plaintiff nor Class members knew of or could have discovered the Defect contained in

7   the Product before purchase, even upon reasonable exercise of due diligence.

8       41.   Despite its pre-sale knowledge of the above, Defendant failed to disclose

9   and concealed critical information relating to the Product's Defect even though, at any

10  point in time, it could have communicated this material information to Plaintiff and the

11  Class through individual correspondence, media releases, or other means.

12      42.   Plaintiff and Class members relied on Defendant to disclose the any and all

13  security flaws of the Product, including the Defect, because such security flaws could not

14  be discovered through reasonable efforts by Plaintiff and Class members.

15      43.   Thus, the running of all applicable statutes of limitations have been

16  suspended with respect to any claims that Plaintiff and Class members have against

17  Defendant as a result of Defendant's misrepresentations and omissions, by virtue of the

18  fraudulent concealment doctrine.

19      44.   Wyze was under a continuous duty to Plaintiff and Class members to

20  disclose the true nature, quality, and character of the Product. However, Defendant

21  concealed the true nature, quality, and character of the Product, as described herein.

22  Defendant knew about the Defect for years but concealed it and/or failed to alert

23  purchasers or potential purchasers of such. Defendant maintained exclusive control over

CLASS ACTION COMPLAINT - 12

information concerning the Defect. Based upon the foregoing, Wyze is estopped from relying on any statutes of limitation or repose that might otherwise apply to the claims asserted by Plaintiff herein in defense of this action.

## FIRST CLAIM FOR RELIEF
**Breach of Implied Warranty**
**(On behalf of the Nationwide Class or, alternatively, on behalf of the Idaho Subclass)**

45.    Plaintiff hereby incorporates each and every allegation as though fully set forth herein.

46.    Wyze sold the Product to Class members under implied warranties of merchantability and fitness. Wyze impliedly warranted the Product to be merchantable, fit for the ordinary purposes for which it was intended to be used (including the guarantee that they were in a safe and non-defective condition for use by their purchasers for the ordinary purpose for which they were intended and were not otherwise injurious).

47.    Wyze is under a duty to design, manufacture, label, and test the Product to make it suitable for the ordinary purposes of its use—a security camera that supports, and certainly does not limit or impede, consumers' safety and security in their home.

48.    Wyze breached its implied warranties for the Product by failing to disclose the true nature of the Product, including the Defect, and otherwise inadequately marketing the product as a safe, non-defective Product.

49.    Defendant knew that its Product would be purchased by consumers seeking a home security camera that would provide peace of mind and a sense of security in the home, so it developed the Product and its related marketing and advertisements for these specific purposes. Defendant knew that the Product would be sold by retailers for use by

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  consumers with these specific needs. Accordingly, direct privity is not required to bring

2  this cause of action.

3      50.     Because the Product contained the Defect at the time of Plaintiff's and Class

4  members' respective purchases, Wyze breached the implied warranty of merchantability

5  in the sale of the Product to Plaintiff and the Class members in that the Product was not

6  fit for its ordinary purpose and not merchantable.

7      51.     Wyze has been on notice of these material omissions and/or

8  misrepresentations through its own internal research and development process, and

9  through the report made to it by Bitdefender in March 2019. Wyze has had the opportunity

10  to correct the Defect in the Product and/or correct its misrepresentations of the Product's

11  non-defective design and features but has chosen not to do so. Moreover, Plaintiff has

12  sent a notice letter to Defendant and immediate seller, Amazon, seeking a remedy for

13  the material omissions and/or misrepresentations alleged herein. When confronted with

14  the allegations herein, neither Defendant nor the immediate seller have remedied the

15  harms and damages resulting from the omissions and/or misrepresentations.

16      52.     As a direct and proximate result of Wyze's breach of the implied warranty

17  of merchantability and fitness for a particular purpose, Plaintiff and Class members did

18  not receive the benefit of their bargains.

19      53.     Plaintiff and Class members are entitled to damages and other legal and

20  equitable relief, including the purchase price of the Product, overpayment, and/or loss of

21  the benefit of the bargain.

22

23
### SECOND CLAIM FOR RELIEF
**Breach of Express Warranty**

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**(On behalf of the Nationwide Class or, alternatively, on behalf of the Idaho Subclass)**

54.     Plaintiff hereby incorporates each and every allegation as though fully set forth herein.

55.     Defendant extended, by way of the Product label, Product descriptions and representations as to the Product's qualities and characteristics, on its website, and via Product advertisements certain express warranties to Plaintiff and Class members that the Product was safe to use and non-defective. These promises and representations became part of the basis of the bargain between the parties and, thus, constituted an express warranty.

56.     Defendant sold the Product, and Plaintiff and Class members purchased the Product, based upon these representations and express warranties.

57.     However, Defendant breached these express warranties in that the Product did, in fact, contain a very serious Defect impacting the security of the Product, as set forth in detail herein. As a result of this breach of the express warranty, Plaintiff and other consumers did not receive the Product as warranted by Defendant.

58.     Wyze has been on notice of these material omissions and/or misrepresentations through its own internal research and development process, and through the report made to it by Bitdefender in March 2019. Wyze has had the opportunity to correct the Defect in the Product and/or correct its misrepresentations of the Product's non-defective design and features but has chosen not to do so. Moreover, Plaintiff has sent a notice letter to Defendant and immediate seller, Amazon, seeking a remedy for the material omissions and/or misrepresentations alleged herein. When confronted with

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    the allegations herein, neither Defendant nor the immediate seller have remedied the

2    harms and damages resulting from the omissions and/or misrepresentations.

3         59.    As a proximate result of this breach of express warranty by Defendant,

4    Plaintiff and the Class have suffered damages, injury in fact, and ascertainable loss in

5    an amount to be determined at trial.

6    **THIRD CLAIM FOR RELIEF**
     **Fraudulent Concealment/ Fraud by Omission**
7    **(On behalf of the Nationwide Class or, alternatively, on behalf of the Idaho
     Subclass)**
8
9         60.    Plaintiff hereby incorporates each and every allegation as though fully set

10   forth herein.

11        61.    At all relevant times, Wyze was engaged in the business of designing,

12   manufacturing, and selling the Product.

13        62.    Defendant, acting through its representatives or agents, delivered the

14   Product to various distribution channels.

15        63.    Defendant willfully, falsely, and knowingly omitted material facts regarding

16   the quality and character of the Product, including omission of information relating the

17   Defect despite knowing of the Defect for years.

18        64.    Rather than disclosing material facts concerning the Defect to Class

19   members, Wyze concealed material information related to the Product's Defect and

20   continued manufacturing and selling the Product without making any disclosures or

21   improvements to its security.

22        65.    Wyze omitted the Defect in the Product from its labeling and marketing and

23   advertising materials in order to drive up sales and maintain its market power, since Wyze

CLASS ACTION COMPLAINT - 16

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

knew consumers would not purchase the Product (or would pay substantially less for the Product), had the Product's true nature been advertised and represented to consumers.

66.     Consumers could not have discovered the Defect on their own. Wyze was in exclusive possession of this information for at least three years.

67.     Although Wyze had a duty to ensure the accurate representation of its Product and to ensure accuracy of information regarding the Product's security benefits (or lack thereof), it did not fulfill these duties.

68.     Plaintiff and Class members sustained injury due to the purchase of the Product containing the Defect being concealed by Defendant. Plaintiff and Class members are entitled to recover full refunds for the Product and/or damages for the loss of the benefit of the bargain and/or the diminished value of the Product, in amounts to be determined at trial.

69.     Defendant's acts were done wantonly, maliciously, oppressively, deliberately, and with reckless disregard for the rights and safety of Plaintiff and Class members, an intent to defraud, and in order to enrich itself. Defendant's blatant misconduct warrants an assessment of punitive damages in an amount sufficient to deter such dangerous conduct in the future. Punitive damages, if assessed, shall be determined according to proof at trial that Defendant's acts were done maliciously, oppressively, deliberately, and with intent to defraud, and in reckless disregard for Plaintiff's and Class members' rights and safety, and in part to enrich itself at the expense of consumers. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future.

## **FOURTH CLAIM FOR RELIEF**

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**Equitable Injunctive and Declaratory Relief**
**(On behalf of the Nationwide Class or, alternatively, on behalf of the Idaho Subclass)**

70.    Plaintiff hereby incorporates each and every allegation as though fully set forth herein.

71.    Wyze is under a continuing duty to inform its customers of the nature and existence of any and all security flaws in the Product.

72.    Plaintiff, members of the Class, and members of the general public will suffer irreparable harm if Wyze is not ordered to cease misrepresenting and omitting material information regarding any and all security flaws in the Product.

73.    Injunctive relief is particularly necessary in this case because: (1) Plaintiff and the absent Class members desire to purchase products with the same qualities and attributes as Defendant advertised the Product to have; (2) if Defendant actually manufactures the Product in a non-defective, safe nature as advertised, Plaintiff and Class members would purchase the Product; (3) Plaintiff and Class members do not have the ability to determine whether Defendant's representations concerning the Product will be truthful if they purchase the Product; and (4) Defendant has exhibited a past of multiple issues with its product and data security practices, procedures, and protocols.

74.    Despite Plaintiff's and Class members' desire to purchase the Product in the future, they expect that Defendant will continue to misrepresent or conceal security flaws in the Product and will thus suffer harm that cannot be adequately remedied by the additional claims for damages alleged herein.

**FIFTH CLAIM FOR RELIEF**

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**Violation of the Idaho Consumer Protection Act,**
**Idaho Code Ann. §§ 48-601, *et seq.***
**(On behalf of the Idaho Subclass)**

75.     Plaintiff hereby incorporates each and every allegation as though fully set forth herein.

76.     Plaintiff Hepworth brings this claim individually and on behalf of the proposed Idaho Subclass against Wyze.

77.     Plaintiff and Idaho Subclass members are "person[s]" within the meaning of the ICPA. *See* ICPA § 48-602(1).

78.     Defendant is also a "person" within the meaning of the ICPA. *See* ICPA § 48-602(1).

79.     Under ICPA § 48-603, "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.

80.     In the course of Wyze's business, it failed to disclose and, indeed, actively concealed the Defect contained in the Product with the intent that consumers would rely on such concealment when deciding whether to purchase the Product.

81.     By intentionally concealing that the Product contained a very serious security flaw and representing, by packaging, advertisements, and other marketing materials and labels, that the Product was safe and non-defective, Wyze engaged in deceptive acts or practices in violation of ICPA § 48-603.

82.     Wyze's deceptive acts or practices were materially misleading. Wyze's conduct was likely to and did deceive reasonable consumers, including Plaintiff Hepworth and Idaho Subclass members, relating to the Defect and, therefore, the suitability of the Product to Plaintiff's and other Idaho Subclass members' needs

CLASS ACTION COMPLAINT - 19

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  relating to in-home security cameras.

2      83.    Plaintiff Hepworth and Idaho Subclass members were unaware of, and

3  lacked a reasonable means of discovering, the material facts regarding the Defect that

4  Wyze suppressed.

5      84.    Defendant's misleading conduct set forth above occurred in the conduct of

6  trade or commerce.

7      85.    Wyze's misleading conduct concerns widely purchased consumer

8  products and affects the public interest. Defendant's conduct also includes unfair and

9  misleading acts or practices that have the capacity to deceive consumers and are

10  harmful to the public at large.

11      86.    Plaintiff Hepworth and Idaho Subclass members suffered ascertainable

12  loss as a direct and proximate result of Defendant's violations. Plaintiff Hepworth and

13  Idaho Subclass members are entitled to recover their actual damages or one thousand

14  dollars ($1,000.00), whichever is greater. Additionally, Plaintiff seeks restitution and an

15  order enjoining the use and employment of the methods, acts, and practices alleged

16  herein and ultimately declared unlawful by the Court, as well as any other appropriate

17  relief which the Court, in its discretion, may deem just and necessary. Plaintiff is also

18  seeks punitive damages and reasonable attorney's fees.

19              ### SIXTH CLAIM FOR RELIEF
        **Violation of the Washington Consumer Protection Act,**
20      **Wash. Rev. Code Ann. § 19.86.010 *et seq.***
        **(On behalf of the Nationwide Class)**
21

22      87.    Plaintiff hereby incorporates each and every allegation as though fully set

23  forth herein.

CLASS ACTION COMPLAINT - 20

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

88. The Washington CPA prohibits unfair and deceptive acts or practices in the conduct of any trade or commerce.

89. Defendant is a "person" within the meaning of the WCPA § 19.86.010(1) and conducts "trade" and "commerce" within the meaning of the WCPA § 19.86.010(2).

90. Plaintiff and members of the Class are "person[s]" within the meaning of the WCPA § 19.86.010(1).

91. By reason of the conduct alleged herein, Defendant engaged in unlawful, unfair, and deceptive practices within the meaning of the WCPA.

92. Defendant engaged in materially misleading acts and practices by marketing and representing the Product as functional and non-defective, superior products that provided safety and security to individuals and families in their homes.

93. Defendant's omissions and representations were likely made to mislead consumers acting reasonably under the circumstances. Consumers are concerned about the safety of their security camera devices and find it material if a security camera has security flaws that would enable outside hackers to access its camera feeds or execute malicious code that would otherwise compromise the camera's security and, as a result, the consumers' safety.

94. Defendant's failure to disclose the Defect was also unfair because it causes substantial injury to consumers without any countervailing benefit. To market and price the Product as a superior security camera while concealing the Defect is unethical and unscrupulous.

95. The aforementioned conduct is and was deceptive and false. Defendant's wrongful conduct caused Plaintiff and the Class to suffer consumer-related injuries by

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  causing them to pay more for the Product than it was worth.

2      96.    Defendant made the claims, marketing, and advertising relating to the

3  Product knowingly and willingly, without disclosing the Defect.

4      97.    Defendant alone possessed material information about the Defect in the

5  form of the Bitdefender report and, upon information and belief, its own pre-market

6  testing and other information not available to Plaintiff or the Class at the time of

7  purchase.

8      98.    Defendant's violations present a continuing risk to Plaintiff and the general

9  public. Defendant's unlawful acts and practices complained of herein affect the public

10  interest and are likely to be repeated in the future.

11      99.    As a direct and proximate result of Defendant's violations, as set forth

12  herein, Plaintiff and Class members suffered damages, including but not limited to,

13  paying more for the Product than they were worth, and more than Plaintiff and Class

14  members would have paid had they known of the Defect.

15      100.   Plaintiff, individually and on behalf of the Class, seeks relief in the form of

16  injunctive relief, actual damages, treble damages, and reasonable attorney's fees

17  pursuant to WCPA § 19.86.090.

18      101.   In accordance with the WCPA § 19.86.095, a copy of this Complaint is

19  being served on the Attorney General of the State of Washington.

20

21  ### SEVENTH CLAIM FOR RELIEF
**Unjust Enrichment**
**(On behalf of the Nationwide Class or, alternatively, on behalf of the Idaho**

22  **Subclass)**

23      102.   Plaintiff hereby incorporates each and every allegation as though fully set

CLASS ACTION COMPLAINT - 22

1   forth herein.

2       103.   To the extent that there is any determination made by the Court that Plaintiff

3   does not have standing to assert any contractual, warranty claims asserted against Wyze

4   on the alleged basis of an absence of contractual privity or otherwise, this claim is

5   asserted in the alternative.

6       104.   By its wrongful acts and omissions described herein, including selling the

7   Product with the Defect without alerting purchasers to the existence of the Defect, Wyze

8   was unjustly enriched at the expense of Plaintiff and the Class.

9       105.   Considering the serious nature of the Defect concealed by Defendant,

10  Plaintiff and Class members either (i) purchased a Product they otherwise would not

11  have purchased, or (ii) paid more for a Product than they otherwise would have paid, and

12  are thus left with a Product of diminished value and utility because of the Defect it actually

13  contained at the time of purchase. Meanwhile, Wyze has sold more of the Product than

14  it otherwise would have, and charged higher prices for the Product than it otherwise could

15  have, thereby unjustly enriching itself.

16      106.   Thus, Plaintiff and the Class members conferred a benefit upon Wyze by

17  purchasing the Product at the full price. Under the circumstances, it would be inequitable

18  for Wyze to retain the profits, benefits, and other compensation obtained through its

19  wrongful conduct in manufacturing, marketing and selling the Product to Plaintiff and

20  Class members based on the misrepresentations and/or omissions that the Product was

21  non-defective.

22      107.  Plaintiff and Class members are entitled to damages in the amount

23  Defendant was unjustly enriched, to be determined at trial.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

      a.  For an order certifying the proposed Class and appointing Plaintiff and Plaintiff's counsel to represent the Class;

      b.  For an order awarding Plaintiff and Class members actual, statutory, punitive, and/or any other form of damages provided by and pursuant to the statutes and claims cited above;

      c.  For an order awarding Plaintiff and Class members restitution, disgorgement and/or other equitable relief provided by and pursuant to the statutes and claims cited above or as the Court deems proper;

      d.  For an order or orders requiring Wyze to adequately disclose the Defect;

      e.  For an order awarding Plaintiff and Class members pre-judgment and post-judgment interest;

      f.  For an order awarding Plaintiff and Class members reasonable attorney fees and costs of suit, including expert witness fees; and

      g.  For an order awarding such other and further relief, including injunctive relief, as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of the members of the Class, hereby respectfully demands trial by jury of all issues triable by right.

Dated: June 1, 2022           Respectfully submitted,

                                 BRESKIN JOHNSON TOWNSEND, PLLC

                                 By:_*s/ Cynthia Heidelberg*_____
                                    Cynthia J Heidelberg, WSBA #44121
                                    1000 Second Avenue, Suite 3670
                                    Seattle, WA 98104

CLASS ACTION COMPLAINT - 24

Tel: (206) 652-8660
cheidelberg@bjtlegal.com

MIGLIACCIO & RATHOD LLP

By: *s/ Nicholas Migliaccio*
     *s/ Jason Rathod*
     Nicholas A. Migliaccio*
     Jason S. Rathod*
     412 H street NE, Suite 302
     Washington, DC  20002
     Tel: (202) 470-3520
     nmigliaccio@classlawdc.com
     jrathod@classlawdc.com

*Attorneys for Plaintiff and the Putative Class*

*\*Pro hac vice applications forthcoming*

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660