THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BREE HEPWORTH, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WYZE LABS, INC.,<br><br>    Defendant. | No. 2:22-cv-00752-LK<br><br>WYZE LABS, INC.'S MOTION TO COMPEL ARBITRATION AND DISMISS<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 23, 2022<br><br>ORAL ARGUMENT REQUESTED |

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND .................................................................................................. 2

    A. Ms. Hepworth agreed to Wyze's Terms of Service. .............................. 2

    B. By agreeing to Wyze's Terms of Service, Ms. Hepworth agreed to individually arbitrate this dispute. ........................................................... 4

    C. Despite agreeing to arbitrate, Ms. Hepworth filed this putative class action. ...................................................................................................... 4

III. ARGUMENT ....................................................................................................... 5

    A. Legal standard for compelling arbitration. ............................................ 5

    B. Ms. Hepworth agreed to arbitrate the claims she asserts in this action by accepting Wyze's Terms of Service. ................................................ 6

    C. Judge John C. Coughenour of this District Court enforced Wyze's Terms of Service and compelled arbitration on nearly identical facts. .............. 8

    D. Courts throughout the Ninth Circuit enforce clickwrap agreements to arbitrate on facts similar to those here. ................................................... 8

    E. The parties delegated to the arbitrator resolution of the scope of arbitration and other threshold arbitrability questions. ......................... 10

    F. Even if the parties had not delegated the issue of scope, Ms. Hepworth's claims fall within the arbitration provision. ......................................... 13

    G. Dismissal is appropriate because all of Ms. Hepworth's claims must be arbitrated. .............................................................................................. 14

IV. CONCLUSION .................................................................................................. 14

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*2151 Michelson, L.P. v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*,
    754 F. App'x 596 (9th Cir. 2019) ..................................................................................6

*Alfia v. Coinbase Global, Inc.*,
    No. 21-cv-08689-HSG, 2022 WL 3205036 (N.D. Cal. July 22, 2022) ...............................9, 10

*Berman v. Freedom Fin. Network, LLC*,
    30 F.4th 849 (9th Cir. 2022) ....................................................................................6, 7

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) ......................................................................................11

*Campos v. JPMorgan Chase Bank, NA*,
    No. 18-cv-06169-JSC, 2019 WL 827634 (N.D. Cal. Feb. 21, 2019) ......................................14

*Caremark, LLC v. Chickasaw Nation*,
    --- F.4th ----, 2022 WL 3206683 (9th Cir. Aug. 9, 2022) .................................................11

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
    207 F.3d 1126 (9th Cir. 2000) ..........................................................................6, 8, 10, 13

*Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985) ......................................................................................................6

*Diaz v. Nintendo of Am. Inc.*,
    No. C19-01116-TSZ, 2020 WL 996859 (W.D. Wash. Mar. 2, 2020) .....................................12

*Export Development Canada v. Custom Produce Sales*,
    No. 1:21-cv-00684-DAD-SKO, 2022 WL 2067923 (E.D. Cal. June 8, 2022) .........................5

*Harbers v. Eddie Bauer, LLC*,
    No. C19-0968JLR, 2019 WL 6130822 (W.D. Wash. Nov. 19, 2019) ....................................9

*Health Integrated, Inc. v. Cmty. Health Plan of Wash.*,
    No. C18-1522 RSM, 2019 WL 399027 (W.D. Wash. Jan. 31, 2019) ....................................5

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    -- U.S. ---, 139 S. Ct. 524 (2019) ..............................................................................10, 11

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*In re Wyze Data Incident Litig.*,
  No. C20-0282-JCC, 2020 WL 6202724 (W.D. Wash. Oct. 22, 2020) ...................... 6, 8, 12, 14

*J.A. through Allen v. Microsoft Corp.*,
  No. C20-0640-RSM-MAT, 2021 WL 1723454 (W.D. Wash. Apr. 2, 2021),
  *rep. & rec. adopted by* 2021 WL 1720961 (W.D. Wash. Apr. 30, 2021) ............................ 8, 9

*Jialu Wu v. iTalk Global Commnc'ns, Inc.*,
  No. CV 20-7150 PSG, 2020 WL 8461696 (C.D. Cal. Oct. 21, 2020) ..................................... 10

*Johnmohammadi v. Bloomingdales, Inc.*,
  755 F.3d 1072 (9th Cir. 2014) ............................................................................................. 14

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ............................................................................................. 13

*Momot v. Mastro*,
  652 F.3d 982 (9th Cir. 2011) ............................................................................................... 11

*Nguyen v. Barnes & Noble*,
  763 F.3d 1171 (9th Cir. 2014) ............................................................................................... 7

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010) .............................................................................................................. 11

*Schreiber v. Amazon.com, Inc.*,
  No. C08-896RSM, 2008 WL 4681909 (W.D. Wash. Oct. 20, 2008) ..................................... 13

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ............................................................................................... 13

*Sparling v. Hoffman Constr. Co.*,
  864 F.2d 635 (9th Cir. 1988) ............................................................................................... 14

*Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar Sci. & Tech. Co.*,
  690 F. App'x 942 (9th Cir. 2017) .......................................................................................... 6

*Weimin Chen v. Sierra Trading Post, Inc.*,
  No. 2:18-cv-1581-RAJ, 2019 WL 3564659 (W.D. Wash. Aug. 6, 2019) ............................... 9

**STATUTES**

9 U.S.C. § 4 ................................................................................................................................ 5, 10

Idaho Consumer Protection Act .................................................................................................... 5

Washington Consumer Protection Act .......................................................................................... 5

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**RULES**

Fed. R. Civ. P. 12(b)(1)............................................................................................5

JAMS Streamlined R. 8(b).......................................................................................12

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

When Plaintiff Bree Hepworth created a Wyze account and accepted Wyze's Terms of Service via a standard clickwrap agreement, she agreed to resolve this dispute through individual arbitration. She agreed after receiving notice of the Terms of Service, having the opportunity to review the terms via hyperlink, and affirmatively accepting the terms. Ms. Hepworth did not reject the terms by declining to create a Wyze account or declining to use Wyze products and services. She also did not opt out of arbitration, even though she had the option to do so. The Court should therefore compel arbitration and dismiss the action.

Another judge in this District reached the same conclusion with respect to the same Wyze Terms of Service. In October 2020, Judge John C. Coughenour compelled arbitration of claims asserted against Wyze because the plaintiffs agreed to Wyze's Terms of Service when they created accounts—just as Ms. Hepworth did here. Judge Coughenour explained that the plaintiffs agreed to arbitrate because they checked a box accepting the Terms of Service and could not have created an account without doing so. Judge Coughenour's decision is consistent with the scores of cases in this District and throughout the Ninth Circuit requiring arbitration of claims when the parties so agreed via clickwrap.

Because Ms. Hepworth agreed to arbitrate her claims, the Court has no occasion to reach any other issue and its inquiry should end there. Ms. Hepworth and Wyze agreed that any questions about the scope of the arbitration agreement (or any other arbitrability issues) would be for an arbitrator—not the Court—to decide. And even if the parties had not delegated the issue of scope to the arbitrator, Ms. Hepworth's claims fall within the parties' agreement to arbitrate.

Accordingly, Wyze respectfully requests that the Court enforce the parties' agreement and compel this action to arbitration.

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II. BACKGROUND

### A. Ms. Hepworth agreed to Wyze's Terms of Service.

Wyze sells high-quality, affordable smart-home products, including cameras, motion sensors, and door locks. Declaration of Kyle Christensen in Support of Motion to Compel Arbitration and Dismiss ("Christensen Decl.") ¶ 2. To use Wyze cameras and related services, users must download the Wyze app, create a user account, and agree to Wyze's Terms of Service. *Id.* ¶ 3. Users must then link their account to their Wyze products and services. *Id.* ¶ 4.

On September 6, 2020, Ms. Hepworth created a user account via the Wyze app and accepted Wyze's Terms of Service. *Id.* ¶ 5; *see also* Christensen Decl. ¶ 17, Ex. C.

When users download and open the app, they are prompted to create a user account by providing their email address and choosing a password. Christensen Decl. ¶ 6. After completing those steps, they see a screen that notifies them of Wyze's Terms of Service. *Id.* ¶ 7; Christensen Decl. ¶ 9, Ex. A. That screen requires users to affirmatively check a box confirming that they "agree to the **Terms of Service** & **Privacy Statements**" before they can proceed to finish creating their account. Christensen Decl. ¶ 8; Christensen Decl. ¶ 9, Ex. A. Users can review the Terms of Service by selecting a visually distinguishable teal, underlined, and bolded hyperlink. Christensen Decl. ¶ 10.

When a user selects the hyperlink, the Terms of Service are displayed in their entirety—including the arbitration provision and opt-out procedure. *Id.* ¶ 11. The Terms of Service state upfront that "use of the Products and Services are governed by these Terms and any applicable additional guidelines, terms or rules (the '**Supplemental Terms**')." Christensen Decl. ¶ 12, Ex. B at 4. The Terms of Service also inform users in bold, capital letters that

> **BY CREATING AN ACCOUNT OR ACCESSING, PURCHASING, OR USING ANY OF OUR PRODUCTS OR SERVICES, YOU ACCEPT AND AGREE TO BE BOUND BY THESE TERMS. IF YOU DO NOT AGREE TO THESE TERMS, INCLUDING THE MANDATORY ARBITRATION PROVISION AND CLASS ACTION WAIVER IN SECTION 12, DO NOT USE OUR PRODUCTS OR SERVICES.**

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Id.*

[Image: Wyze app "Confirm your password" screen showing a password field with Show option, "I agree to the Terms of Service & Privacy Statements" checkbox (unchecked), "Subscribe to the Wyze Newsletter" checkbox (checked), and a grayed-out "Next" button.]

Christensen Decl. ¶ 9, Ex. A.

Users must agree to the Terms of Service by physically checking the box next to the statement confirming their agreement. Christensen Decl. ¶ 13. The app will not let them proceed otherwise. *Id.* To further verify that agreement, the "Next" button that a user selects to move forward and create their account remains grayed out and inactive until the user checks the box. *Id.* ¶ 14. Once the user checks the box agreeing to the Terms of Service, the "Next" button turns teal and activates so that the user can select it and proceed. *Id.* ¶ 15. Through that process, Ms. Hepworth agreed to the Terms of Service and created a Wyze user account. *Id.* ¶ 16; *see also* Christensen Decl. ¶ 17, Ex. C.

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.     By agreeing to Wyze's Terms of Service, Ms. Hepworth agreed to individually arbitrate this dispute.**

The Terms of Service mandate individual arbitration of all disputes with Wyze. Christensen Decl. ¶ 12, Ex. B. The arbitration provision requests that users "PLEASE READ THIS SECTION CAREFULLY" in order to understand their agreement to arbitrate and advises them to "FOLLOW THE INSTRUCTIONS BELOW IF YOU WISH TO OPT OUT OF THE REQUIREMENT OF ARBITRATION ON AN INDIVIDUAL BASIS." *Id.* at 19.

The arbitration provision applies to "any dispute or claim that you have against Wyze or relating in any way to the Products or Services" and identifies the "JAMS Streamlined Arbitration Rules and Procedures ('JAMS Rules')" to apply in any arbitration. *Id.* at 20; *see also id.* (stating that the arbitration provision includes a waiver of "**your rights to a jury trial and to have any dispute arising out of or related to these Terms or [Wyze's] Products or Services resolved in court**"). Wyze and users agree that the arbitrator has the "exclusive authority to make all procedural and substantive decisions, . . . including the power to determine the question of arbitrability." *Id.*

Users have the option to decline the arbitration provision. They can do so by rejecting the Terms of Service and declining to use Wyze products or services. *Id.* at 4; Christensen Decl. ¶ 18. Users may also accept the Terms of Service but opt out of arbitration within "30 days of the date you first accepted the terms of this Section" by notifying Wyze of their opt-out. Christensen Decl. ¶ 12, Ex. B at 21. Wyze maintains records of users who opt out of arbitration through this process. Christensen Decl. ¶ 18. Ms. Hepworth did not opt out. *Id.*

**C.     Despite agreeing to arbitrate, Ms. Hepworth filed this putative class action.**

Despite agreeing to arbitrate this dispute, Ms. Hepworth brought this action on behalf of a putative nationwide class of consumers and a putative subclass of Idaho residents. Compl., ECF No. 1 (June 1, 2022) ¶¶ 26–27. She alleges that she purchased a Wyze camera that had a "security vulnerability that allowed unauthenticated, remote access to videos and images stored

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

on local memory cards." *Id.* ¶ 2. She asserts seven claims related to that purchase: (1) breach of implied warranty; (2) breach of express warranty; (3) fraudulent concealment/fraud by omission; (4) equitable injunctive and declaratory relief; (5) violation of the Idaho Consumer Protection Act; (6) violation of the Washington Consumer Protection Act; and (7) unjust enrichment. *Id.* ¶¶ 45–107.

### III. ARGUMENT

Ms. Hepworth agreed to individually arbitrate this dispute with Wyze by agreeing to the Terms of Service when she created an account. She agreed after receiving conspicuous notice of the terms and the arbitration provision, having the opportunity to review them in full, and giving her affirmative assent. She also agreed that an arbitrator—not a court—would decide any issue other than whether there is an arbitration agreement in the first place. The Court should therefore compel arbitration and dismiss.

#### A. Legal standard for compelling arbitration.

Wyze moves to compel arbitration and dismiss under Federal Rule of Civil Procedure 12(b)(1) and Section 4 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 4; *Health Integrated, Inc. v. Cmty. Health Plan of Wash.*, No. C18-1522 RSM, 2019 WL 399027, at *2 (W.D. Wash. Jan. 31, 2019) (Martinez, J.) ("Defendant brings its Motion to Dismiss and Compel Arbitration pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). Proceeding under any of those rules, the Court's consideration appears to ultimately be the same: Whether the parties have agreed to arbitrate disputes arising under their Agreement."); *Export Development Canada v. Custom Produce Sales*, No. 1:21-cv-00684-DAD-SKO, 2022 WL 2067923, at *3 (E.D. Cal. June 8, 2022) (recognizing that "courts have held that a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is a procedurally sufficient mechanism to enforce an arbitration provision" (cleaned up)).

On a motion to compel arbitration, the Court determines two conditions: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the

WYZE MOTION TO COMPEL ARBITRATION AND DISMISS (No. 2:22-cv-00752-LK) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If both conditions are met or if—as here—the first condition is met (i.e., the parties agreed to arbitrate) and the parties delegated to the arbitrator resolution of the second condition (i.e., scope), the Court is required to compel arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (holding that "the Act leaves no place for the exercise of discretion by a district court").

When a court compels arbitration, it may dismiss the action. *See 2151 Michelson, L.P. v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 754 F. App'x 596, 597 (9th Cir. 2019) ("A district court may dismiss an action, rather than stay it, when all of the issues are arbitrable."). Dismissal is appropriate when "the entire dispute must be arbitrated." *Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar Sci. & Tech. Co.*, 690 F. App'x 942, 943 (9th Cir. 2017); *see also In re Wyze Data Incident Litig.*, No. C20-0282-JCC, 2020 WL 6202724, at *4 (W.D. Wash. Oct. 22, 2020) (Coughenour, J.) ("Here, because the Court holds that all of Plaintiffs' claims [against Wyze] must be submitted to arbitration, dismissal is appropriate.").

### B. Ms. Hepworth agreed to arbitrate the claims she asserts in this action by accepting Wyze's Terms of Service.

Ms. Hepworth accepted Wyze's Terms of Service—and agreed to mandatory individual arbitration—just like in scores of cases throughout the Ninth Circuit and this District. Consistent with that case law, the Court should compel arbitration.

The Ninth Circuit recently confirmed that "courts have routinely found clickwrap agreements enforceable." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022). Specifically, courts enforce clickwrap agreements—like the terms at issue here—when "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.*

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

During the account-creation process, Ms. Hepworth received notice of the Terms of Service and had the opportunity to review them by selecting a conspicuous hyperlink. Christensen Decl. ¶ 9, Ex. A. Ms. Hepworth then checked the box next to the statement: "I agree to the **Terms of Service** & **Privacy Statements**" and confirmed her agreement to the Terms of Service. Christensen Decl. ¶ 8. She could not—and did not—use her Wyze camera, any other Wyze products and services, or create her account without so agreeing. *Id.* ¶ 13. She therefore agreed to arbitrate "any dispute or claim" that she has "against Wyze or relating in any way to the Products or Services." Christensen Decl. ¶ 12, Ex. B at 20; *see also* Christensen Decl. ¶ 16.

Ms. Hepworth had multiple opportunities to decline arbitration, and she chose to arbitrate. The Terms of Service informed Ms. Hepworth that if she wanted to reject the terms, she should "**NOT USE OUR PRODUCTS OR SERVICES**." Christensen Decl. ¶ 12, Ex. B at 4. Ms. Hepworth chose instead to create her account and accept the Terms of Service. Christensen Decl. ¶ 16; *see also* Christensen Decl. ¶ 17, Ex. C. Ms. Hepworth also had 30 days after creating her account to unilaterally opt out of arbitration while continuing to use Wyze products or services. Christensen Decl. ¶ 12, Ex. B at 21. Ms. Hepworth again chose not to exercise that option, confirming her consent to arbitrate disputes with Wyze. Christensen Decl. ¶ 18.

Ms. Hepworth's agreement to the Terms of Service therefore meets the Ninth Circuit standard for enforcing clickwrap agreements, and she must arbitrate the claims she asserts here. *See Berman*, 30 F.4th at 856; *see also Nguyen v. Barnes & Noble*, 763 F.3d 1171, 1176 (9th Cir. 2014) (recognizing the enforceability of clickwrap agreements "where the user is required to affirmatively acknowledge the agreement before proceeding with use of the website").

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### C. Judge John C. Coughenour of this District Court enforced Wyze's Terms of Service and compelled arbitration on nearly identical facts.

Judge John C. Coughenour of this District Court recently enforced the same Wyze Terms of Service as Ms. Hepworth accepted here and compelled arbitration in a similar consumer action.

In *In re Wyze Data Incident Litigation*, Judge Coughenour considered whether the plaintiffs had agreed to arbitrate their purported class-action claims by agreeing to Wyze's Terms of Service when creating an account. He held that the plaintiffs had so agreed because they "had to click a box indicating that they agreed to" the Terms of Service "available via a hyperlink." *In re Wyze*, 2020 WL 6202724, at *2. As to reasonable notice, Judge Coughenour concluded that the "link and the click box, both in style and substance, are comparable to other clickwrap arrangement[s] upheld by courts in this and other districts." *Id.* at *3. And as to assent, he confirmed that "any person who had such a user account could not have accessed his or her account without, at some point, clicking a box indicating that he or she agreed." *Id.* Judge Coughenour accordingly compelled arbitration. *Id.* at *4. He also dismissed the action rather than staying it because "all of Plaintiffs' claims must be submitted to arbitration." *Id.*

The same is true here. Ms. Hepworth had explicit notice of the Terms of Service before creating her account; had the opportunity to review the terms; and, if she chose, had the option of rejecting the terms or opting out of arbitration. Ms. Hepworth then affirmatively agreed to the Terms of Service by checking the box and creating an account. The Court should therefore compel arbitration and dismiss. *See Chiron Corp.*, 207 F.3d at 1130.

### D. Courts throughout the Ninth Circuit enforce clickwrap agreements to arbitrate on facts similar to those here.

Consistent with Judge Coughenour's enforcement of Wyze's Terms of Service, courts throughout the Ninth Circuit, including this District, repeatedly enforce agreements to arbitrate on facts nearly identical to those here. *See In re Wyze*, 2020 WL 6202724, at *2 ("[C]ourts throughout this circuit have consistently upheld arbitration provisions contained in clickwrap

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

agreements."). In *J.A. through Allen v. Microsoft Corporation*, Judge Ricardo S. Martinez compelled arbitration because the plaintiffs accepted terms of service "by clicking a button" after they had the opportunity to review the terms by hyperlink. No. C20-0640-RSM-MAT, 2021 WL 1723454, at *3 (W.D. Wash. Apr. 2, 2021) (Theiler, M.J.), *rep. & rec. adopted by* 2021 WL 1720961 (W.D. Wash. Apr. 30, 2021) (Martinez, J.). The plaintiffs were required "to accept" the terms of service to create an account and use the service. *Id.* The plaintiffs therefore "assented to the click-through [terms] requiring individual arbitration of disputes . . . under the rules of the AAA and providing for the arbitrator to rule on any issues of arbitrability." *Id.* at *4.

Likewise, in *Harbers v. Eddie Bauer, LLC*, Judge James L. Robart held that a plaintiff agreed to terms of service via a web-based purchase page like Wyze's account-creation page. No. C19-0968JLR, 2019 WL 6130822, at *6 (W.D. Wash. Nov. 19, 2019) (Robart, J.). The purchase page notified users that they agreed to the terms by placing an order, the notification text was "offset in blue" and included "a hyperlink" to the terms, and the user was required to "press one of the two 'Submit Order' buttons" to make the purchase. *Id.* Judge Robart concluded that the plaintiff agreed to arbitrate because the defendant "provided reasonable notice that [the] purchase was subject to the Terms" and the plaintiff "assented to the Terms" by clicking the "Submit Order" button. *Id.* at *6–7 (cleaned up). He accordingly compelled arbitration. *Id.* at *7.

Judge Richard A. Jones in *Weimin Chen v. Sierra Trading Post, Inc.*, held that the parties agreed to arbitrate where the online webpage stated that the user would be agreeing to terms of service—which included an arbitration provision—by selecting a "Place my Order" button and "the word 'Term' in the Consent line, which hyperlinks directly to the [terms], is both capitalized and underlined and thus distinguishable from the surrounding text." No. 2:18-cv-1581-RAJ, 2019 WL 3564659, at *3 (W.D. Wash. Aug. 6, 2019). Because the plaintiff had notice of and an opportunity to review the terms and then agreed to the terms by "clicking" a "button" to complete the purchases, Judge Jones concluded there was a valid agreement to arbitrate. *Id.*

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Other courts in the Ninth Circuit do the same. In *Alfia v. Coinbase Global, Inc.*, for example, Judge Haywood S. Gilliam, Jr. of the U.S. District Court for the Northern District of California enforced a clickwrap agreement requiring arbitration of the dispute asserted in that action. No. 21-cv-08689-HSG, 2022 WL 3205036 (N.D. Cal. July 22, 2022). As in this case, the plaintiff "had to click a 'check box' next to the language . . . 'I agree to the User Agreement and Privacy Policy,'" which were "accessible via hyperlink," to create a user account *Id.* at *2. Judge Gilliam concluded that "the parties entered into a binding arbitration agreement" because the plaintiff "had clear notice of the terms of the 2017 User Agreement and took physical action to manifest his assent." *Id.* He therefore granted the motion to compel arbitration. *Id.* at *4.

And in just one more example, in *Jialu Wu v. iTalk Global Communications, Inc.*, Judge Philip S. Gutierrez of the U.S. District Court for the Central District of California held that the parties in a putative class action had a valid clickwrap agreement that required arbitration of the claims asserted. No. CV 20-7150 PSG (PJWx), 2020 WL 8461696 (C.D. Cal. Oct. 21, 2020). Judge Gutierrez held that "Plaintiff clearly assented to the Agreement," which in turn was "clearly a clickwrap agreement," because "it would have been impossible" to "purchase any of [the defendant's] services without clicking a box that accepted the Agreement." *Id.* at *3–4.

The Court should reach the same conclusion here: Ms. Hepworth had reasonable notice of Wyze's Terms of Service, affirmatively agreed to them, and must arbitrate the claims she asserts.

E. **The parties delegated to the arbitrator resolution of the scope of arbitration and other threshold arbitrability questions.**

Because Ms. Hepworth agreed to arbitrate, the first condition to compel arbitration is satisfied. The only remaining condition is "whether the agreement encompasses the dispute at issue." *Chiron Corp.*, 207 F.3d at 1130. However, because the parties delegated to the arbitrator resolution of issues such as the scope of the agreement to arbitrate, the Court may not address the second condition; it is required to compel arbitration. *Henry Schein, Inc. v. Archer & White*

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Sales, Inc.*, -- U.S. ---, 139 S. Ct. 524, 529–30 (2019) (holding that when questions of arbitration scope have been delegated, courts "may not decide the arbitrability issue" and must compel arbitration).

The FAA "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions." *Id.* at 527. Parties do so by including in their arbitration agreement "a delegation clause" that "limits the issues that a court may decide." *Caremark, LLC v. Chickasaw Nation*, --- F.4th ----, 2022 WL 3206683, at *6 (9th Cir. Aug. 9, 2022).

Parties show their intent to delegate in two ways: (1) by including a clause that expressly delegates arbitrability questions or (2) by incorporating the arbitration tribunal's rules that empower the arbitrator to decide questions of jurisdiction. *See id.* (addressing delegation through an express clause in the arbitration agreement); *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (addressing delegation through the incorporation of arbitration rules). When an arbitration provision states that the arbitrator has the authority to decide all disputes related to the agreement or it incorporates by reference arbitration rules, the parties have delegated questions of arbitrability and the court's analysis ends. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010).

The arbitration provision in Wyze's Terms of Service delegates scope and other threshold arbitrability questions in both ways: (1) through an express delegation clause and (2) by incorporating the JAMS arbitration rules. *First,* the parties expressly delegated issues of scope by agreeing that "the arbitrator will have exclusive authority to make all procedural and substantive decisions regarding any dispute, . . . including the power to determine the question of arbitrability." Christensen Decl. ¶ 12, Ex. B at 20. The parties thus agreed that the scope of the arbitration provision—a question of enforceability—is itself an issue to be arbitrated. *Rent-A-Ctr.*, 561 U.S. at 68 (affirming delegation where the agreement gave the arbitrator "exclusive authority to resolve any dispute relating to the enforceability of this Agreement"); *Momot v.*

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) ("We hold that this language, delegating to the arbitrators the authority to determine 'the validity or application of any of the provisions of' the arbitration clause, constitutes 'an agreement to arbitrate threshold issues concerning the arbitration agreement.'").

Judge Coughenour likewise agreed, holding that the arbitration provision in Wyze's Terms of Service covers "all disputes and claims that arise from or relate to the Agreement." *In re Wyze*, 2020 WL 6202724, at *3 (cleaned up). Judge Coughenour explained that the language "necessarily includes" questions about "the enforceability" of the agreement and expressly delegates to the arbitrator such questions. *Id.*

*Second*, the parties also incorporated into their agreement the JAMS arbitral rules. Christensen Decl. ¶ 12, Ex. B at 19–21. Those rules empower arbitrators to decide questions of their jurisdiction, so incorporating them in the arbitration provision again confirms the parties' intent to delegate. *In re Wyze*, 2020 WL 6202724, at *3 (holding that incorporation of the JAMS "Consumer Arbitration Rules" was "clear and unmistakable evidence that the parties intended to delegate the arbitrability question to an arbitrator" (cleaned up)); *see also* JAMS Streamlined R. 8(b) ("Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought . . . shall be submitted to and ruled on by the Arbitrator.").

The same was true in a recent decision by Judge Thomas S. Zilly. In *Diaz v. Nintendo of America Inc.*, Judge Zilly held that the arbitration agreement there delegated arbitrability issues because it had both an express delegation clause and incorporated the AAA's arbitration rules. No. C19-01116-TSZ, 2020 WL 996859, at *1 (W.D. Wash. Mar. 2, 2020) (Zilly, J.). He concluded that the parties had delegated "all other arbitrability issues, including the scope of the agreement, to an arbitrator" because the arbitration provision (1) stated that "all disputes or claims arising out of or relating to this Agreement shall be finally settled by binding arbitration" and (2) incorporated "the AAA rules." *Id.* (cleaned up)).

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

By expressly stating that questions of arbitrability are for the arbitrator and by incorporating the JAMS rules, Ms. Hepworth and Wyze confirmed their intent to delegate any questions about the scope of arbitration. Questions of scope (and any other arbitrability issues) must therefore be arbitrated rather than litigated in court. There are no other questions for the Court to decide.

F. **Even if the parties had not delegated the issue of scope, Ms. Hepworth's claims fall within the arbitration provision.**

But even if the Court determines that the parties have not delegated arbitrability questions, the Court should nonetheless conclude that Ms. Hepworth's claims must be arbitrated. It is well established in the Ninth Circuit that "[t]o require arbitration," a plaintiff's "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). Time and again, courts in this Circuit have reaffirmed that broad language in arbitration agreements—like that in Wyze's Terms of Service—reaches "every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *Id.*; *see also Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983).

In *Chiron*, for example, the Court held that an agreement requiring the arbitration of "[a]ny dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of this Agreement" was "broad and far reaching," leaving "little doubt that the dispute is subject to arbitration." 207 F.3d at 1131. Because the dispute in *Chiron* "unquestionably" related to the agreement, the dispute fell "within the parties' agreement to arbitrate." *Id.*; *see also Schreiber v. Amazon.com, Inc.*, No. C08-896RSM, 2008 WL 4681909, at *3 (W.D. Wash. Oct. 20, 2008) (Martinez, J.) (holding that claims "fit squarely within the scope of the arbitration agreement" because it covered "any controversy relating to the agreement").

That is the case here. The arbitration provision in the Terms of Service requires arbitration of "any dispute or claim that you have against Wyze or relating in any way to the

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Products or Services." Christensen Decl. ¶ 13, Ex. B at 20. Ms. Hepworth's common-law and statutory claims qualify as "any dispute or claim," and all the claims relate to her use and purchase of a Wyze product—the camera she alleges had a vulnerability. Compl. ¶¶ 2, 45–107. The arbitration provision therefore covers Ms. Hepworth's claims related to alleged issues with Wyze cameras.

Thus, if the Court reaches the question of whether Ms. Hepworth and Wyze's agreement to arbitrate covers her claims, the Court should conclude that it does and accordingly compel arbitration.

### G. Dismissal is appropriate because all of Ms. Hepworth's claims must be arbitrated.

Because all of Ms. Hepworth's claims are subject to arbitration, the Court may dismiss the action rather than staying it. *Johnmohammadi v. Bloomingdales, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014) ("We have held that, notwithstanding the language of § 3 [of the FAA], a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration."). The Court should do so here because there is nothing left for the Court to adjudicate, and any further adjudication of Ms. Hepworth's claims will happen in arbitration. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637–38 (9th Cir. 1988) (affirming dismissal because the party "had agreed to submit these claims to arbitration"); *In re Wyze*, 2020 WL 6202724, at *4 ("Here, because the Court holds that all of Plaintiffs' claims [against Wyze] must be submitted to arbitration, dismissal is appropriate."); *Campos v. JPMorgan Chase Bank, NA*, No. 18-cv-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. Feb. 21, 2019) ("Courts in this District regularly dismiss actions after granting motions to compel arbitration where all of the plaintiff's claims were subject to arbitration.").

### IV. CONCLUSION

Because Ms. Hepworth agreed to arbitrate her claims on an individual basis, Wyze respectfully requests that the Court compel arbitration and dismiss.

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# CERTIFICATE OF CONFERRAL

Wyze certifies that on June 20 & 28, 2022, and August 1 & 23, 2022, pursuant to Section I.B.1(c) of the Honorable Lauren King's Standing Order for All Civil Cases, the parties conferred in good faith via phone, email, and letters regarding Wyze's Motion to Compel Arbitration and Dismiss but were unable to resolve the issue presented in the Motion.

Dated: August 29, 2022

By: *s/ Eric J. Weiss*
Eric J. Weiss, WSBA No. 44807
Mallory Gitt Webster, WSBA No. 50025

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
Email: EWeiss@perkinscoie.com
Email: MWebster@perkinscoie.com

*Attorneys for Defendant Wyze Labs, Inc.*

WYZE MOTION TO COMPEL
ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 15

157894805

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000