UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BREE HEPWORTH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WYZE LABS, INC.,<br><br>Defendant. | No. 2:22-cv-00752-LK<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS |

## I. Introduction

On June 1, 2022, Plaintiff Bree Hepworth ("Plaintiff Hepworth" or "Ms. Hepworth") filed suit against Defendant Wyze Labs, Inc. ("Wyze") for its deceptive trade practices in the manufacture and sale of its Wyze Cam V1, Wyze Cam V2, and Wyze Cam v3, specifically alleging that for at least three (3) years, Wyze knew of and concealed a Wyze Cam vulnerability that allowed unauthenticated, remote access to customer videos and images stored on local memory cards. *See* Plaintiff's Class Action Complaint (Doc. 1) (the "Complaint"), ¶ 2. Ms. Hepworth brought, among other claims, a claim for "relief in the form of injunctive relief, actual damages, treble damages, and reasonable attorney's fees pursuant to [the Washington Consumer Protection Act (the "CPA")]. *Id.* ¶ 100.

In response to the Complaint, Defendant filed its *Motion to Compel Arbitration and*

*Dismiss* (Doc. 15) (the "Motion"). In its Motion, Defendant argues that "[b]ecause Ms. Hepworth agreed to arbitrate her claims on an individual basis," the Court should compel the parties to arbitration and dismiss the action. *See* Motion at 14. However, Defendant's 14-page Motion focuses only on the procedural aspects of the parties' agreement, such as when Ms. Hepworth purchased her Wyze camera, when Ms. Hepworth downloaded the Wyze app, whether the TOS hyperlink was visually distinguishable and conspicuous, and whether Ms. Hepworth accepted Wyze's Terms of Service ("TOS"). These procedural aspects are not being challenged by Ms. Hepworth. Instead, Ms. Hepworth challenges the substantive conscionability of the Wyze arbitration agreement and, for the reasons articulated herein, respectfully requests that the Court (a) find that the Wyze agreement to arbitrate is substantively unconscionable because it eliminates a crucial substantive right under the CPA to seek an injunction to protect the public interest, and (b) deny Defendant's Motion.

## II. Legal Standard

"Under the FAA, arbitration agreements are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Gandee v. LDL Freedom Enterprises, Inc.,* 176 Wn.2d 598, 603 (2013) (quoting *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 301 (2004)).[1] Arbitration agreements stand on equal footing with other contracts but may be invalidated by general contract defenses such as unconscionability. *Burnett v. Pagliacci Pizza, Inc.,* 196 Wn.2d 38, 47–48 (2020). *See also Garda,* 179 Wn.2d at 56 (noting that *AT&T Mobility v. Concepcion*, 563 US 333 (2011) (holding that a blanket rule prohibiting class action waivers in

---

[1] In a firm website blog post analyzing the effects of the Washington Supreme Court's holding in *Gandee* while highlighting Washington's "favorable climate for challenges to arbitration agreements," law firm Perkins Coie (defense counsel for Wyze in this action) correctly observed that "*Gandee* confirms that Washington law may invalidate an arbitration agreement for either procedural or substantive unconscionability, making it relatively easier to sustain a challenge than in other jurisdictions that require a showing of both." *See* https://www.perkinscoie.com/en/news-insights/check-your-arbitration-agreements-after-new-washington-supreme.html (last accessed October 7, 2022).

arbitration agreements violated the FAA but that *Concepcion* preserved general state law contract defenses). "The existence of an unconscionable bargain is a question of law for the courts." *Woodward v. Emeritus Corp.*, 192 Wn. App. 584, 607, 368 P.3d 487, 498 (2016) (citations omitted). Unconscionability doctrine gives the Court "the power to prevent enforcement of a legal right when to do so would be inequitable under the circumstances." *Id.*

### III. Argument

Under Washington law, "[g]eneral contract defenses such as unconscionability may invalidate arbitration agreements." *McKee v. AT&T Corp.*, 164 Wash. 2d 372, 383 (2008). Washington courts "recognize [] two types of unconscionability for invalidating arbitration agreements, procedural and substantive." *Burnett v. Pagliacci Pizza, Inc.*, 196 Wash. 2d 38, 54 (2020); *see also Adler v. Fred Lind Manor*, 153 Wn.2d 331, 347 (2004) (finding that either substantive or procedural unconscionability is sufficient to void a contract).

"Consumers bringing actions under the CPA do not merely vindicate their own rights; they represent the public interest and may seek injunctive relief even when the injunction would not directly affect their own private interests." *Scott v. Cingular Wireless*, 160 Wn.2d 843, 853, 161 P.3d 1000, 1006 (2007), overruled on other grounds as stated in *Coneff v. AT&T Corp.*, 673 F.3d 1155 (9th Cir. 2012). Indeed, the right of an individual to seek a public injunction to protect the public interest is a crucial substantive right under the CPA, central to its purpose. The Washington Supreme Court has explicitly rejected the argument that the language and purpose of RCW 19.86.090 would be satisfied by allowing individuals to seek only a private injunction. *See Hockley,* 82 Wn.2d at 349:

> …defendants further argue that plaintiff may enjoin future violations only as to himself, thus protecting his own interests, but that he may not protect the public interest as well. Such a

constriction of the scope of injunctive relief provided to the individual by RCW 19.86.090 is inconsistent with both the language of that section and the spirit and purpose of the consumer protection act.

Caselaw is clear that forcing litigants to give up substantive rights and remedies, especially those central to the statutes they seek to enforce, as opposed to only procedural safeguards, is unconscionable. *See, e.g., Hill v. Garda CL Nw., Inc.*, 179 Wn.2d 47, 56, 308 P.3d 635, 639 (2013) (finding limitation on back-pay damages unconscionable in light of what employee could recover under a statutory wage and hour claim). Here, Wyze's TOS (specifically, the arbitration provision therein) are substantively unconscionable under Washington law because they attempt to eliminate Ms. Hepworth's right to obtain injunctive relief through a representative action – a vital remedy provided in the CPA – thus eliminating statutory remedies that would otherwise be available to her. For this reason (and those reasons set forth in greater detail below), the Wyze arbitration provision is substantively unconscionable and thus unenforceable, and Defendant's Motion should be denied.

### a. The Wyze Arbitration Provision Eliminates Plaintiff's Substantive Rights Under the Washington CPA and is Unenforceable

Eliminating substantive rights is not a stated or recognized goal of the FAA. *See American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 236 (2013) (FAA does not require enforcement of a provision "forbidding the assertion of certain statutory rights"). It has long been recognized by both the U.S. Supreme Court and Washington courts that the FAA cannot be used to immunize arbitration clauses that significantly reduce or eliminate statutory remedies. *Id. See also McKee v. AT & T Corp.,* 164 Wn.2d 372, 395–96 (2008):

> Limiting consumers' rights to open hearings, shortening statutes of limitations, limiting damages, and awarding attorney fees have absolutely nothing to do with resolving a dispute by arbitration. Courts will not be so easily deceived by

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

> the unilateral stripping away of protections and remedies, merely because provisions are disguised as arbitration clauses. **The FAA does not require enforcement of unconscionable contract provisions**. (Emphasis added.)

Eliminating substantive rights is substantively unconscionable because it solely advantages the company and chills litigants' ability to bring suits that further important public policies of Washington. *Gandee*, 176 Wn.2d at 606 (holding that a "loser pays" provision in arbitration agreement was substantively unconscionable because it "serves to benefit only Freedom and, contrary to the legislature's intent, effectively chills Gandee's ability to bring suit under the CPA"); *Adler,* 153 Wn.2d at 357 (holding that a 180-day statute of limitations provision on discrimination claims was substantively unconscionable because it unreasonably favors the defendant by eliminating substantive claims and gives unfair advantage).

The ability for individual litigants like Ms. Hepworth to seek an injunction on behalf of others is central to both the remedial and deterrence functions of the CPA. *See Hockley*, 82 Wn.2d at 350. The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. The stated intent of the CPA is "to protect the public and foster fair and honest competition." RCW 19.86.920. *See also Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 783–84 (1986).

Prior to 1971, the CPA did not allow private suits for damages. *Dix v. ICT Grp., Inc.*, 160 Wn.2d 826, 836 (2007). However, in 1971, "the legislature recognized the need for an additional enforcement mechanism and amended RCW 19.86.090 to provide for a private right of action to recover damages for and enjoin violations of RCW 19.86.020." *Id. See also Hangman Ridge*, 105 Wn.2d at 784. As amended, RCW 19.86.090 provides that:

> Any person who is injured in his business or property by a violation of RCW 19.86.020 ... may bring a civil action ... to

> enjoin further violations, to recover ... actual damages ... or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion ... award ... three times the actual damages ... not [to] exceed ten thousand dollars ...

The private right of action, whether brought as an individual claim or a class action, "is more than a means for vindicating the rights of the individual plaintiff." *Hangman Ridge*, 105 Wn.2d at 788. CPA plaintiffs act as "private attorneys general in protecting the public's interest" against unfair and deceptive acts and practices. *Scott v. Cingular Wireless*, 160 Wn.2d 843, 853 (2007). As such, in every case, a prevailing plaintiff must show that the acts or practices at issue affect the public interest. *Hangman Ridge*, 105 Wd.2d at 788. And importantly for this case, a plaintiff bringing a CPA claim is *not* limited to enjoining violations only for herself. Because the public injunction is central to the CPA's purpose of protecting the public, under RCW 19.86.090, "an individual may seek and obtain an injunction that would, besides protecting [her] own interests, protect the public interest." *Hockley v. Hargitt*, 82 Wn.2d 337, 351 (1973).

Here, Wyze's arbitration provision provides that Ms. Hepworth cannot bring any type of representative proceeding, running contrary to the purposes of the CPA which allows a plaintiff to seek injunctive relief on behalf of others. Thus, by its terms, the Wyze agreement to arbitrate (which is limited to individual claims but explicitly allows for all available remedies on individual claims) unconscionably seeks to limit Ms. Hepworth's right to seek injunctive relief on behalf of others, which right is central to her CPA claim. Indeed, interpreting Wyze's TOS to prohibit Ms. Hepworth from seeking this relief renders the provision substantively unconscionable because it, in essence, forces her to give up substantive rights central to the CPA. Thus, the Wyze arbitration agreement is substantively unconscionable and unenforceable, and Wyze's Motion to Compel Arbitration should be denied.

### b. *Concepcion* is Inapplicable Here

Wyze will likely point to *Concepcion* in support of its argument that the arbitration agreement is not unconscionable. In *Concepcion*, the U.S. Supreme Court held that a California decisional rule forbidding class action waivers in most consumer arbitration agreements was preempted by the FAA because such a rule "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." 563 U.S. at 351 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). "A prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results.'" *Id.* at 346 (quoting *Preston v. Ferrer*, 552 U.S. 346, 357-58 (2008)). The Court gave three other examples — besides class arbitrations — of procedural constructs that could not be mandated by state law, because they would interfere with "the fundamental attributes of arbitration": requiring arbitration to be governed by the Federal Rules of Evidence or the Federal Rules of Civil Procedure; or requiring disposition by a jury. *Id.* at 341, 342, 350. Each of these examples brings a set of procedural obligations that, if forced upon parties to an arbitration agreement, would be inconsistent with "arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., L.L.C. v. Mattel*, Inc., 552 U.S. 576, 588 (2008); *Concepcion*, 563 U.S. at 350-51.

No such procedural obligations are at issue in this case. The limitation that Wyze may seek to have read into its arbitration clause relates to a *substantive right*, not to the process by which the case would be decided once presented to a proper tribunal. Indeed, Wyze's Motion is entirely based on procedural unconscionability issues relating to the arbitration agreement, not substantive unconscionability issues. Rather than using arbitration to "achieve 'streamlined proceedings and expeditious results'" while still preserving litigants' substantive rights, *Concepcion*, 563 U.S. at 346 (quoting *Preston*, 552 U.S. at 357), Wyze is seeking to expand its arbitration clause with the aim

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS - 7

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

of truncating and eliminating consumers' core statutory rights under the CPA.

### IV. Conclusion

Because Wyze's TOS seek to strip Plaintiff Hepworth of her right to represent the public interest pursuant to the CPA, the Court should find that the agreement to arbitrate is substantively unconscionable and deny Defendant's Motion to Compel.

Respectfully submitted this 11th day of October 2022.

BRESKIN JOHNSON & TOWNSEND PLLC
By: _s/Cynthia Heidelberg_
    Cynthia Heidelberg, WSBA No. 44121
    1000 Second Avenue, Suite 3670
    Seattle, WA 98104
    Phone: 206-652-8660
    Facsimile: 206-652-8290
    cheidelberg@bjtlegal.com@bjtlegal.com

MIGLIACCIO & RATHOD LLP
    Nicholas A. Migliaccio, *pro hac vice forthcoming*
    Jason S. Rathod, *pro hac vice forthcoming*
    412 H Street NE, Suite 302
    Washington, DC 2002
    Tel: (202) 470-3520
    nmigliaccio@classlawdc.com
    jrathod@classlawdc.com

    *Attorneys for Plaintiff and the Putative Class*