THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BREE HEPWORTH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WYZE LABS, INC.,<br><br>Defendant. | No. 2:22-cv-00752-LK<br><br>WYZE REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS<br><br>NOTE ON MOTION CALENDAR: OCTOBER 28, 2022<br><br>ORAL ARGUMENT REQUESTED |

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 2

    A.   Ms. Hepworth does not dispute that she agreed to arbitrate her claims. ................ 2

    B.   Resolution of Ms. Hepworth's unconscionability challenge is for the arbitrator, not the Court. ............................................................................................ 3

    C.   But even if the Court addresses Ms. Hepworth's unconscionability challenge, Ms. Hepworth must still arbitrate her claims. ......................................... 4

        1.   Washington law does not recognize the rule regarding public injunctive relief and arbitration that Ms. Hepworth urges the Court to create. ................................................................................................... 5

        2.   In any event, Ms. Hepworth seeks private injunctive relief, not public injunctive relief. ................................................................................. 8

        3.   Contrary to Ms. Hepworth's position, the arbitration provision preserves the ability to seek in arbitration "an injunction to protect the public interest." ....................................................................................... 10

        4.   Even if the arbitration provision precludes public injunctive relief, the Court should compel to arbitration everything but that remedy. ........ 12

III. CONCLUSION ............................................................................................................ 12

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) - i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**CASES**

*AT&T Mobility LLC v. Concepcion*,
 563 U.S. 333 (2011)...............................................................................................................7

*Backpage.com, LLC v. McKenna*,
 881 F. Supp. 2d 1262 (W.D. Wash. 2012)..............................................................................6

*Berman v. Freedom Fin. Network, LLC*,
 30 F.4th 849 (9th Cir. 2022)....................................................................................................2

*Blair v. Rent-A-Ctr., Inc.*,
 928 F.3d 819 (9th Cir. 2019) .......................................................................................6, 11, 12

*Burnett v. Pagliacci Pizza, Inc.*,
 470 P.3d 486 (Wash. 2020).....................................................................................................7

*California Crane Sch., Inc. v. Google LLC*,
 2022 WL 3348425 (N.D. Cal. Aug. 12, 2022) ....................................................................6, 8

*Diaz v. Nintendo of Am. Inc.*,
 2020 WL 996859 (W.D. Wash. Mar. 2, 2020) .......................................................7, 8, 11, 12

*DiCarlo v. MoneyLion, Inc.*,
 988 F.3d 1148 (9th Cir. 2021) .......................................................................................6, 7, 11

*Fli-Lo Falcon, LLC v. Amazon.com Inc.*,
 2022 WL 4451273 (W.D. Wash. Sept. 8, 2022)......................................................................3

*Gandee v. LDL Freedom Enters., Inc.*,
 293 P.3d 1197 (2013)..............................................................................................................7

*Gonzalez-Torres v. Zumper, Inc.*,
 2019 WL 6465283 (N.D. Cal. Dec. 2, 2019) ........................................................................11

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
 --- U.S. ----, 139 S. Ct. 524 (2019) .........................................................................................3

*Hill v. Garda CL Nw., Inc.*,
 308 P.3d 635 (2013)................................................................................................................7

*Hodges v. Comcast Cable Commc'ns, LLC*,
 21 F.4th 535 (9th Cir. 2021) ...............................................................................................9, 10

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) - ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*In re StubHub Refund Litig.*,
  2022 WL 1028711 (N.D. Cal. Apr. 6, 2022) ...........................................................................8

*J.A. through Allen v. Microsoft Corporation*,
  2021 WL 1723454 (W.D. Wash. Apr. 2, 2021) .......................................................................4

*Magana v. DoorDash, Inc.*,
  343 F. Supp. 3d 891 (N.D. Cal. 2018) ..................................................................................12

*McGill* v. *Citibank, N.A.*,
  393 P.3d 85 (Cal. 2017) ................................................................................................. passim

*Nelson v. Specialized Loan Servicing LLC*,
  2020 WL 6318690 (W.D. Wash. Oct. 28, 2020) ....................................................................2

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010) ...............................................................................................................3, 4

*Roberts v. AT&T Mobility LLC*,
  2018 WL 1317346 (N.D. Cal. Mar. 14, 2018), *aff'd*, 801 F. App'x 492 (9th
  Cir. 2020) ................................................................................................................................8

*Rogers v. Lyft, Inc.*,
  452 F. Supp. 3d 904 (N.D. Cal. 2020) ....................................................................................6

*Sponheim v. Citibank, N.A.*,
  2019 WL 2498938 (C.D. Cal. June 10, 2019) ......................................................................10

*Stofleth v. Morgan Stanley Smith Barney, LLC*,
  2021 WL 3630510 (W.D. Wash. Aug. 17, 2021) ....................................................................4

*Wolfire Games, LLC v. Valve Corp.*,
  2021 WL 4952220 (W.D. Wash. Oct. 25, 2021) .....................................................................4

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) - iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

Plaintiff Bree Hepworth does not dispute that she agreed to Wyze's Terms of Service and the arbitration provision in those terms. She does not dispute that she had reasonable notice of the Terms of Service, the opportunity to review the Terms of Service before agreeing to them, and the ability to reject the Terms of Service or opt out of arbitration. She does not dispute that she agreed that an arbitrator would decide threshold arbitrability questions like validity and enforceability.

Instead, she challenges the arbitration provision as substantively unconscionable. Specifically, she contends that it "eliminates" her ability under the Washington Consumer Protection Act ("CPA") to "seek an injunction to protect the public interest"—that is, to seek public injunctive relief. Ms. Hepworth's argument about public injunctive relief joins other challenges to arbitration agreements following the California Supreme Court decision *McGill* v. *Citibank, N.A.*, 393 P.3d 85 (Cal. 2017). *McGill* held that California-specific statutes recognize a remedy called "public injunctive relief"—a remedy unique from class relief—and that a person cannot waive entirely their right to seek public injunctive relief. According to that state court, under California law, a person must be able to pursue public injunctive relief either in court or in arbitration.

Ms. Hepworth is not a California resident, and she challenges the arbitration provision only under Washington law. For several reasons, she must arbitrate her claims, including even her argument here about whether the arbitration provision prohibits public injunctive relief:

*First*, Ms. Hepworth and Wyze agreed to delegate to the arbitrator for resolution the unconscionability challenge Ms. Hepworth raises. Under U.S. Supreme Court precedent, the Court has no occasion to consider it because it is a question for the arbitrator. *Second*, Washington law does not recognize "public injunctive relief" or a rule prohibiting such relief from being waived or arbitrated. The *McGill* rule is specific to California. *Third*, even if Washington recognizes a similar rule, Ms. Hepworth does not seek public injunctive relief; she seeks private injunctive relief. *Fourth*, even if Ms. Hepworth seeks public injunctive relief, she may obtain that relief in arbitration because under the terms of the parties' agreement, the arbitrator may award "any remedy that

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

would otherwise be available in court." *Fifth*, even if the arbitration provision limits Ms. Hepworth's ability to obtain public injunctive relief in arbitration, she must first arbitrate the merits of her claims and return to this Court, if necessary, to address any public injunctive relief.

To be clear, the arbitration forum to which Ms. Hepworth and Wyze agreed is available to Ms. Hepworth. She can address there the claims and relief she seeks. Wyze insists only that the parties resolve those issues in the forum to which they agreed.

## II.  ARGUMENT

### A.  Ms. Hepworth does not dispute that she agreed to arbitrate her claims.

Ms. Hepworth does not dispute that she accepted Wyze's Terms of Service, including the arbitration provision and the delegation clause. Opp. at 2. As Wyze showed in its Motion to Compel Arbitration, Ms. Hepworth agreed to arbitrate the claims she asserts here by affirmatively assenting to the Terms of Service after she received notice of and had a reasonable opportunity to review the terms. Mot. at 7–9, 11–13. Ms. Hepworth then checked the box next to the statement "I agree to the **Terms of Service** & **Privacy Statements**," confirming her agreement to the Terms of Service. Christensen Decl. ¶ 8. Ms. Hepworth confirms in her Opposition that those "procedural aspects are not being challenged." Opp. at 2. Ms. Hepworth therefore agreed to arbitrate the claims asserted in this action, and the Court should compel arbitration as the parties agreed. *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022) (confirming that "courts have routinely found clickwrap agreements enforceable").

Although Ms. Hepworth does not dispute her agreement to arbitrate, she suggests that Wyze should have addressed in its Motion "the substantive conscionability of the Wyze arbitration agreement." Opp. at 2. The agreement is not unconscionable, and Wyze had no obligation to preemptively address contract defenses that Ms. Hepworth might have raised. *See Nelson v. Specialized Loan Servicing LLC*, 2020 WL 6318690, at *2 (W.D. Wash. Oct. 28, 2020) (holding that "a claimant generally has no obligation to anticipate his opponent's affirmative defenses").

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B. Resolution of Ms. Hepworth's unconscionability challenge is for the arbitrator, not the Court.**

Ms. Hepworth nevertheless attempts to invalidate the agreement by arguing that it "is substantively unconscionable." Opp. at 2. She contends that the agreement "eliminates a crucial substantive right . . . to seek an injunction to protect the public interest," i.e., public injunctive relief. *Id.* But that unconscionability challenge is a question for the arbitrator, not for this Court.

As Wyze explained in its Motion, the U.S. Supreme Court instructs that "a court may not decide an arbitrability question," such as an unconscionability challenge, that the parties have "clearly and unmistakably delegated to an arbitrator." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, --- U.S. ----, 139 S. Ct. 524, 530 (2019). Ms. Hepworth and Wyze agreed to delegate such challenges by (1) expressly stating that "the arbitrator will have . . . the power to determine the question of arbitrability" and (2) incorporating arbitration rules that allow the arbitrator to decide questions of their jurisdiction. Mot. at 16–17. The parties therefore agreed to delegate the unconscionability challenge Ms. Hepworth raises.

When there is a delegation clause, as in this case, the Court may consider only challenges to "the validity of the delegation provision in particular." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 74 (2010). The Court may not consider "any challenge to the validity of the [a]greement as a whole." *Id.* at 72.

Ms. Hepworth's unconscionability challenge is to the "agreement to arbitrate" as a whole, not to the delegation provision specifically. Opp. at 2; *see also id.* at 4 (arguing that "Wyze's TOS (specifically, the arbitration provision therein) are substantively unconscionable"). She asserts, for example, that "the Wyze agreement to arbitrate . . . unconscionably seeks to limit Ms. Hepworth's right to seek injunctive relief." *Id.* at 6. But for the Court to consider that argument, Ms. Hepworth "would need to have explicitly challenged the delegation provision in the Agreement itself." *Fli-Lo Falcon, LLC v. Amazon.com Inc.*, 2022 WL 4451273, at *7 (W.D. Wash. Sept. 8, 2022). Ms. Hepworth has therefore not raised an unconscionability challenge for the Court to address. *Rent-*

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*A-Ctr.*, 561 U.S. at 72 (recognizing that the plaintiff had not challenged delegation because "[n]owhere in [its] opposition . . . did [it] even mention the delegation provision").

When parties agree to delegate, courts compel to arbitration (a) unconscionability challenges generally and (b) questions about public injunctive relief specifically. In *Rent-A-Center, West, Inc. v. Jackson*, for example, the U.S. Supreme Court confirmed that whether an arbitration agreement is "unconscionable" must be decided by an arbitrator when the parties have delegated that question. 561 U.S. at 74. Accordingly, in *Wolfire Games, LLC v. Valve Corporation*, Judge James L. Robart of this District "enforce[d] the parties' agreement to have an arbitrator decide the broader question of whether the arbitration clause itself is unconscionable." 2021 WL 4952220, at *2 (W.D. Wash. Oct. 25, 2021). And Judge Robert S. Lasnik of this District held in *Stofleth v. Morgan Stanley Smith Barney, LLC*, that "[t]he Court need not reach plaintiff's unconscionability challenge because the parties have clearly and unmistakably delegated this kind of gateway issue to an arbitrator." 2021 WL 3630510, at *2 (W.D. Wash. Aug. 17, 2021).

Likewise, courts compel unconscionability challenges related to the availability of public injunctive relief. In *J.A. through Allen v. Microsoft Corporation*, for example, Magistrate Judge Mary Alice Theiler concluded that because the arbitration agreement had a delegation clause, "the pursuit of public injunctive relief" was "to be determined by the arbitrator." 2021 WL 1723454, at *9 (W.D. Wash. Apr. 2, 2021). Magistrate Judge Theiler recognized that "numerous district courts" have also concluded that public injunctive relief is "for the arbitrator to decide." *Id.*

Because Ms. Hepworth and Wyze delegated to the arbitrator all unconscionability challenges, the challenge Ms. Hepworth raises should be compelled to arbitration. There is nothing for the Court to decide on that issue.

**C.  But even if the Court addresses Ms. Hepworth's unconscionability challenge, Ms. Hepworth must still arbitrate her claims.**

If the Court concludes, however, that it should address Ms. Hepworth's unconscionability challenge, Ms. Hepworth must still arbitrate. The arbitration provision is not unconscionable for

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

several reasons. *First*, Washington law does not recognize the rule regarding public injunctive relief and arbitration that Ms. Hepworth urges the Court to create. *Second*, Ms. Hepworth seeks private injunctive relief, not public injunctive relief. *Third*, contrary to Ms. Hepworth's position, the arbitration agreement does not prohibit her from seeking public injunctive relief that could be available; that relief can be awarded in individual arbitration. *Fourth*, even if the arbitration agreement impermissibly precluded public injunctive relief, Ms. Hepworth must arbitrate the merits of her claims and return to court to address any remedy of public injunctive relief.

### 1. Washington law does not recognize the rule regarding public injunctive relief and arbitration that Ms. Hepworth urges the Court to create.

The initial barrier to Ms. Hepworth's unconscionability challenge is that Washington does not recognize the rule she urges the Court to create. She contends that the arbitration provision prevents her from seeking in "a representative action" an "injunction" under the CPA "to protect the public interest"—i.e., public injunctive relief. Opp. at 3–4. But Washington law does not recognize "public injunctive relief" or prohibit the waiver or arbitration of that relief.

By invoking public injunctive relief to invalidate her agreement to arbitrate, Ms. Hepworth appears to urge the Court to adopt the California rule articulated in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017). In *McGill*, the California Supreme Court explained that the "remedies available" under three California statutes—the "Consumers Legal Remedies Act, the unfair competition law, and the false advertising law"—include "public injunctive relief, i.e., injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *Id.* at 87 (cleaned up)). The court further explained that public injunctive relief cannot be waived and that a plaintiff must be able to pursue that relief in court or in arbitration. *Id.* at 90. The court invalidated the parties' arbitration agreement because the agreement prohibited seeking public injunctive relief in any forum. *See id.* at 87, 94.

*McGill* and its rationale are specific to California. "The public injunction is a creature of California law," *Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 919 (N.D. Cal. 2020), because that relief

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

is available under California statutes, *McGill*, 393 P.3d at 87. Accordingly, *McGill* states a "California doctrine" that does not "reach . . . claims . . . under the law of other jurisdictions." *California Crane Sch., Inc. v. Google LLC*, 2022 WL 3348425, at *4 (N.D. Cal. Aug. 12, 2022).

There is no basis for extending *McGill* to the Washington CPA. To start, Ms. Hepworth does not point the Court to any Washington case invoking the phrase "public injunctive relief" or addressing whether such relief can be waived or arbitrated. *See Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1276 (W.D. Wash. 2012) (holding that "a federal court must interpret the law as would the state's highest court"). There is no such case because Washington has not adopted "public injunctive relief" or its own *McGill* rule. Indeed, Judge James V. Selna of the U.S. District Court for the Central District of California explained in *Lee v. Tesla, Inc.*, 2020 WL 10573281, at *8 (C.D. Cal. Oct. 1, 2020), that Washington has "no equivalent law or rule to *McGill*." And "[a]bsent such a demonstration of an equivalent rule at any level in a state court or in a legislative pronouncement," Judge Selna held that "the arbitration agreements" were "valid." *Id.*

Even if Washington adopted a rule similar to California's *McGill* rule, Ms. Hepworth would still be obligated to arbitrate because she can obtain that relief in individual arbitration. *McGill* itself confirms that there is no unconscionability when public injunctive relief can be pursued in arbitration, even if the relief can be pursued only in an individual action. 393 P.3d at 90. As the Ninth Circuit explained, *McGill* distinguished between (1) valid arbitration agreements that waive class actions but allow the arbitrator to grant any available relief (including public injunctive relief) and (2) invalid arbitration agreements that prohibit an award of public injunctive relief in any forum. *See Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 829 (9th Cir. 2019).

*McGill* also confirms that "a plaintiff bringing *an individual lawsuit* may seek public injunctive relief." *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1156 (9th Cir. 2021) (emphasis added). The ability to seek public injunctive relief is not tied to a class or representative action. *See id.* Indeed, allowing an individual to arbitrate public injunctive relief is the only way *McGill* is consistent with the U.S. Supreme Court case *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333,

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

344 (2011), which prohibits states from "[r]equiring the availability of classwide arbitration" because that "interferes with fundamental attributes of arbitration." The arbitration provision is not, even under an analogous *McGill* rule, "shocking to the conscience, monstrously harsh, [or] exceedingly calloused." *Burnett v. Pagliacci Pizza, Inc.*, 470 P.3d 486, 496 (Wash. 2020). The agreement does not "chill[]" the "ability to bring suit under the CPA." *Gandee v. LDL Freedom Enters., Inc.*, 293 P.3d 1197, 1201 (2013).

The cases Ms. Hepworth cites to support her unconscionability argument reinforce that point because they invalidated arbitration agreements that restricted significantly the ability to pursue claims and available relief. The cases address, for example, arbitration agreements with significantly shortened statutes of limitations (14 days and 30 days, for example), "loser pays" provisions, and limits on attorney fees, which Washington courts held unconscionable. *See, e.g.*, Opp. at 4–5 (citing *Gandee*, 293 P.3d at 1200–01; *Hill v. Garda CL Nw., Inc.*, 308 P.3d 635, 639 (2013)).[1] Ms. Hepworth's unconscionability challenge does not implicate any of those issues (nor does the arbitration provision have any of those features). *See id.* at 2–8. And none support creating a new Washington rule that "an injunction to protect the public interest" cannot be litigated in individual arbitration. *Id.* at 2.

Several courts have rejected attempts to extend the *McGill* rule beyond California, just as this Court should reject Ms. Hepworth's attempt to do so. In *Diaz v. Nintendo of America Inc.*, Judge Thomas S. Zilly of this District recognized that even if *McGill* "invalidated the Agreement as to the California plaintiffs" in that case, "it would not affect the validity of the Agreement as to the sixteen other plaintiffs," one of whom was a Washington resident. 2020 WL 996859, at *1 n.4 (W.D. Wash. Mar. 2, 2020); *see also Roberts v. AT&T Mobility LLC*, 2018 WL 1317346, at *9 (N.D. Cal. Mar. 14, 2018), *aff'd*, 801 F. App'x 492 (9th Cir. 2020) (reaching the same conclusion

---

[1] Ms. Hepworth cites a nine-year-old blog post on Perkins Coie's website that is not legal authority and does not alter the analysis here. Opp. at 2 n.1. That post accurately explained that under *Gandee*, a contract may be unconscionable on either substantive or procedural grounds and need not be unconscionable on both. *See id.* (citing https://www.perkinscoie.com/en/news-insights/check-your-arbitration-agreements-after-new-washington-supreme.html (last accessed Oct. 27, 2022)). Wyze does not challenge that holding.

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

as to an Alabama plaintiff who had "no *McGill* argument because his claims for relief are governed by Alabama law, not California law").

Judge Haywood S. Gilliam, Jr., of the U.S. District Court for the Northern District of California reached a similar conclusion in *California Crane School, Inc. v. Google LLC*, 2022 WL 3348425 (N.D. Cal. Aug. 12, 2022). He held that "while the Amended Complaint nominally requests public injunctive relief, it does not premise that request on a California statute that authorizes such relief." *Id.* at *4. The court therefore rejected the plaintiff's attempt to extend the *McGill* rule to federal statutes and granted the defendant's motion to compel arbitration. *Id.* (explaining that the "Amended Complaint, meanwhile, raises no California state law claims" and "instead raises two *federal* antitrust claims").

Finally, even if the Court created a *McGill*-like rule for the Washington CPA, it would not apply to Ms. Hepworth's claim under the Idaho Consumer Protection Act or to her common-law causes of action. Compl. ¶¶ 45–69, 75–86, 102–07. Ms. Hepworth contends only that she cannot be required to arbitrate public injunctive relief for her Washington CPA claim; she does not make the same argument as to her other claims. *See, e.g.*, Opp. at 2, 4. Nor could she. If the Court concluded that Washington law recognizes public injunctive relief under the CPA, adopted the *McGill* rule, and held that Wyze's arbitration provision prohibits public injunctive relief altogether (it does not), only Ms. Hepworth's request for that remedy would fall outside arbitration. *See In re StubHub Refund Litig.*, 2022 WL 1028711, at *1 (N.D. Cal. Apr. 6, 2022) (holding that *McGill* did not apply to "California common law causes of action" for "conversion, restitution, negligent misrepresentation, unjust enrichment, and breach of contract" because public injunctive relief was available only under certain California consumer-protection statutes).

### 2. In any event, Ms. Hepworth seeks private injunctive relief, not public injunctive relief.

Even if the Court created a *McGill* rule for Washington, it would nevertheless not apply here. The rule would apply only when a party seeks injunctive relief that is public as opposed to

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

private. Ms. Hepworth seeks only private injunctive relief: her requested injunction would benefit only her and others similarly situated to her, and her primary aim is to recover damages.

Injunctive relief is not "public" just because a plaintiff uses that label. The Ninth Circuit recently confirmed in *Hodges v. Comcast Cable Communications, LLC*, 21 F.4th 535, 542 (9th Cir. 2021), that public injunctive relief is a narrow and specialized form of relief. It is "limited to forward-looking injunctions that seek to prevent future violations of law for the benefit of the general public as a whole, as opposed to a particular class of persons." *Id*. Private injunctive relief, on the other hand, "benefit[s] . . . a discrete class of persons" or "require[s] consideration of the private rights and obligations of individual non-parties." *Id.* at 543. The Court "must look beyond . . . conclusory assertions" to distinguish between private and public injunctive relief. *Id.* at 548.

In *Hodges*, the Ninth Circuit concluded that the alleged "public injunctive relief" was actually private because it could benefit only a "group of individuals"—cable subscribers—"similarly situated to the plaintiff." *Id.* at 549 (quotations omitted). For that reason, the sought-after relief would not "*primarily* benefit the general public as a more diffuse whole." *Id*. The Ninth Circuit also concluded that "administering any injunctive relief of the sort sought here would entail the consideration of the individualized claims of numerous cable subscribers." *Id.*

The same is true with Ms. Hepworth's request for injunctive relief. Her Complaint purports to seek an injunction for "members of the general public," but the requested injunction would benefit only Ms. Hepworth and "the absent Class members." Compl. ¶¶ 72–73. Ms. Hepworth seeks injunctive relief, for example, because of her and "Class members' desire to purchase [Wyze cameras] in the future," and she alleges they will "suffer harm that cannot be adequately remedied by the additional claims for damages alleged." *Id.* ¶ 74. Just like the cable subscribers in *Hodges*, that relief would benefit only individuals similarly situated to Ms. Hepworth—Wyze customers who purchase cameras—rather than "the general public as a diffuse whole." 21 F.4th at 549.

Moreover, Ms. Hepworth's request to enjoin similar representations would require the Court to consider the "individualized claims of numerous" customers: what representations

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Wyze may have made and when, when customers made their purchases, what representations customers saw before making their purchases, what they thought the representations meant, and whether they relied on any representations. *Id.* Those individualized questions and the fact that relief would only benefit other Wyze camera purchasers show that Ms. Hepworth actually seeks private injunctive relief. *See id.* at 548–49.

The requested injunction also does not suffice as public injunctive relief because it would be "a mere incidental benefit" to monetary damages. *Sponheim v. Citibank, N.A.*, 2019 WL 2498938, at *5 (C.D. Cal. June 10, 2019). A plaintiff cannot avoid arbitration when the "primary aim" of the lawsuit is "gaining compensation for [the plaintiff] and others similarly situated." *Id.*

That is the case here: Ms. Hepworth's "prayers for monetary relief [are] at the heart of [her] claims." *Id.* (cleaned up). She seeks "actual, statutory, punitive, and/or any other form of damages"; "restitution, disgorgement, and/or other equitable relief"; and "reasonable attorney fees and costs of suit, including expert witness fees." Compl. at 24. The ancillary request for "other and further relief, including injunctive relief" is incidental to that monetary relief. *Id.*

### 3. Contrary to Ms. Hepworth's position, the arbitration provision preserves the ability to seek in arbitration "an injunction to protect the public interest."

If the Court concludes (1) that it must decide the public-injunctive-relief issue, (2) that Washington law recognizes a claim to public injunctive relief that mirrors California law, and (3) that Ms. Hepworth in fact seeks public injunctive relief, Ms. Hepworth's claims should still be compelled to arbitration because the arbitration provision expressly provides that she can pursue in arbitration public injunctive relief.

Ms. Hepworth's substantive-unconscionability challenge rests on an incorrect premise: that the arbitration provision prohibits her from seeking public injunctive relief. She contends that the provision "eliminates a crucial substantive right under the CPA to seek an injunction to protect the public interest." Opp. at 2. She cites no language from the arbitration provision.

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

The arbitration provision in fact does the opposite of what Ms. Hepworth contends. It confirms that a user can pursue in arbitration public injunctive relief. The arbitration provision states that an arbitrator may award "any remedy that would otherwise be available in court." Christensen Decl. ¶ 12, Ex. B at 20. That means Ms. Hepworth can pursue in individual arbitration the public injunctive relief she purports to seek. *See Blair*, 928 F.3d at 829 ("The *McGill* rule leaves undisturbed an agreement that . . . permits public injunctive claims.")

Courts consistently hold that such language in an arbitration provision means public injunctive relief remans available and that the arbitration agreement must be enforced. Judge Thomas S. Zilly of this District held, for example, that a challenged arbitration provision "contains no restriction on the arbitrator's discretion to award public injunctive relief" and compelled arbitration. *Diaz*, 2020 WL 996859, at *1. He so concluded because the arbitration provision stated—like the arbitration provision at issue here—that the arbitrator had "the power to grant whatever relief would be available in a court under law or in equity." *Id.*

Similarly, Judge Phyllis J. Hamilton of the Northern District of California held that public injunctive relief remained available where the arbitration agreement stated that "[t]he Arbitrator shall have authority to issue any and all remedies authorized by law." *Gonzalez-Torres v. Zumper, Inc.*, 2019 WL 6465283, at *8 (N.D. Cal. Dec. 2, 2019). In light of that language, Judge Hamilton held that "the Agreement does not prohibit plaintiff from being awarded public injunctive relief as a remedy for his individually-asserted claims in arbitration." *Id.*

The fact that Ms. Hepworth and Wyze also agreed to a class-action waiver makes no difference. As explained above, Ms. Hepworth can seek public injunctive relief in an individual arbitration. *See supra* § III.C.1 (discussing *DiCarlo*, 988 F.3d at 1155). "[A] claim for public injunctive relief is not a class, collective, or representative action." *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 901 (N.D. Cal. 2018); *see also Diaz*, 2020 WL 996859, at *1 ("Thus, the EULA requires arbitration and the individual adjudication of claims but does not bar an individual from seeking—or an arbitrator from awarding—public injunctive relief.").

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Because Ms. Hepworth can pursue in arbitration public injunctive relief, the arbitration provision does not eliminate that remedy and Ms. Hepworth must arbitrate it.

### 4. Even if the arbitration provision precludes public injunctive relief, the Court should compel to arbitration everything but that remedy.

If the Court concludes that the arbitration provision precludes public injunctive relief, the Court should compel to arbitration the remainder of Ms. Hepworth's claims and allow her to return to court if necessary to address public injunctive relief.

The arbitration provision states that "if any part of this Section is found to prohibit an individual claim seeking public injunctive relief, that provision will have no effect to the extent such relief is allowed to be sought out of arbitration, and the remainder of this Section will be enforceable." Christensen Decl. ¶ 12, Ex. B at 21. The parties therefore agreed that if the arbitration provision impermissibly prohibited public injunctive relief, that specific remedy would be addressed in court after the merits were litigated in arbitration. In other words, an arbitrator must first adjudicate liability; after that point, the Court would address the potential remedy of a public injunction. The Ninth Circuit confirmed that parties may "split decisionmaking between a court and an arbitrator" by "requiring the arbitrator to adjudicate liability first" and "carv[ing] out only the potential public injunctive remedy" for a court to resolve later. *Blair*, 928 F.3d at 831.

Some courts have held that an agreement severs an entire claim rather than only the relief sought as a remedy when the clause references a "claim for relief." *Id.* Here, the severance clause confirms that the "relief is allowed to be sought out of arbitration," not both the underlying claim and the relief. Christensen Decl. ¶ 12, Ex. B at 21. Moreover, Ms. Hepworth's Opposition confirms that she pursues public injunctive relief as "a vital remedy provided in the CPA." Opp. at 4.

### III. CONCLUSION

For the foregoing reasons, Wyze respectfully request that the Court grant its Motion to Compel Arbitration and Dismiss.

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: October 28, 2022

By: *s/ Eric J. Weiss*
Eric J. Weiss, WSBA No. 44807
Mallory Gitt Webster, WSBA No. 50025

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
Email: EWeiss@perkinscoie.com
Email MWebster@perkinscoie.com

*Attorneys for Defendant Wyze Labs, Inc.*

WYZE REPLY IN SUPPORT OF MOTION TO
COMPEL ARBITRATION AND DISMISS
(No. 2:22-cv-00752-LK) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

158747445